Nick **IDZOJTIC** and John **Skocich,**
Plaintiffs,

v.

The **PENNSYLVANIA RAILROAD COMPANY,** a corporation, **Defendant and Third-Party Plaintiff,**

v.

Edward **KOZORA, Third-Party Defendant.**

**Civ. A. No. 66–020.**

United States District Court
W. D. Pennsylvania.

April 9, 1969.

John Alan Conte, of Conte, Courtney &
Tarasi, Pittsburgh, Pa., for plaintiffs.

Aloysius F. Mahler, Pittsburgh, Pa.,
for defendant and third-party plaintiff.

Edward Kozora, Beaver Falls, Pa., for
third-party defendant.

## OPINION AND ORDER

MARSH, District Judge.

In this F.E.L.A. action, the plaintiffs, employees of the defendant railroad, were occupants of a truck belonging to the railroad, and were injured when Edward Kozora, the third-party defendant, ran into the rear end of the truck on the Ohio River Boulevard, Allegheny County, Pennsylvania, at about 3:00 o'clock A.M., on January 25, 1964. The jury upon sufficient evidence, hereinafter summarized, found that the negligence on the part of the railroad did not cause the accident in whole or in part.[1] Judgment was entered in favor of the defendant.

The plaintiffs moved for a new trial assigning 13 reasons as error. We think the motion should be denied.

■ Reasons 1 and 2 state that the verdict was against the law, the evidence and the charge. In the court's opinion these reasons are without merit. The plaintiffs made out a case for the jury in which negligence could have been found in several particulars, but as to causation the evidence allowed "the jury a choice of other probabilities", including attributing the sole cause of the accident to the third-party defendant. Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 507, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957). Under the evidence, it was, with reason, quite probable that the railroad's negligence played no part in causing the accident. "[T]he jury had within its sole province the determination of the factual basis of the cause of the accident * * *." " 'Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' " Reiner v. Bankers Security Corp., 305 F.2d 189, 193 (3d Cir. 1962). " * * * [T]he continuing concern of the courts of the United States [is] that in the federal forum the constitutional right to jury trial ˙[should] not be eroded by judicial intrusions upon the province of the jury * * *." Rumsey v. Great Atlantic and Pacific Tea Company, Inc., 408 F.2d 89 (3d Cir. March 5, 1969).

■ Reason 3 complains that the court refused to charge as requested in plaintiffs' point No. 4, i. e., that the railroad is liable if a violation of the Pennsylvania Motor Vehicle Code caused in whole or in part the injuries to the plaintiffs. At least 18 times during the charge, including a verbatim recitation of the pertinent part of § 51 of the Act (§ 51, Title 45 U.S.C.) the court instructed in various contexts that the defendant would be liable in damages to the plaintiffs if its negligence, in whole or in part, caused injuries to the plaintiffs. Although the word "injuries" was frequently used in

1. The jury answered the following interrogatories:

"1. Did the plaintiffs prove by a fair preponderance of the evidence that the defendant Railroad was negligent?

ANSWER 'YES' OR 'NO' Yes

[Only if your answer to Question 1 is YES, answer Question 2.]

"2. Did the plaintiffs prove by a fair preponderance of the evidence that the Railroad's negligence caused the accident in whole or in part?

ANSWER 'YES' OR 'NO' No

[Only if your answer to Question 2 is YES, answer the remaining questions. If your answer to Question 2 is NO, do not answer the remaining questions.]

"3. Did the Railroad prove by a fair preponderance of the evidence that Edward Kozora was negligent?

ANSWER 'YES' OR 'NO' _____

[Only if your answer to Question 3 is YES, answer Question 4.]

"4. Did the Railroad prove by a fair preponderance of the evidence that the negligence of Edward Kozora was a proximate cause of the accident?

ANSWER 'YES' OR 'NO' _____

[Only if your answer to Question 2 is YES, answer Questions 5 and 6.]"

The jury did not answer interrogatories Nos. 3 and 4 or the interrogatories on damages. See: Transcript of charge, pp. 56, 58, 61.

conjunction with the word "accident",[2] it is inconceivable that the jury did not understand that if the railroad's negligence in whole or in part caused the plaintiffs' injuries, the railroad was liable in damages.

■ Reason 3 also complains that the court erred in refusing to charge as requested in plaintiffs' point No. 5.[3] This point as written tends to assume a disputed fact, i. e., that the railroad's truck did not have properly functioning rear lights and that this violation caused the plaintiffs' injuries. We think this point was properly refused, but, notwithstanding, the jury was instructed on the substance of point No. 5. Transcript of charge, p. 20.[4]

■ Reason 4 complains that the court erred in refusing to charge as requested in plaintiffs' point No. 6. This point cites the Pennsylvania Motor Vehicle Code, 75 Purdon's Pa.Stat.Ann. § 822, which prohibits, inter alia, the obstruction of a side window of a motor vehicle. The glass window on the right side of the cab of defendant's truck was not in place prior to the accident, and the plaintiff Idzojtic had inserted a cardboard to keep out the cold. Even if this obstruction can be characterized as negligence on the part of the defendant, there was no evidence whatsoever that such negligence caused the rear-end collision and the injuries to the plaintiffs. Point No. 6 was properly refused.

■ Reason 5 complains that the court erred in refusing to charge as requested in plaintiffs' point No. 7. This point cites the Motor Vehicle Code, 75 Purdon's Pa.Stat.Ann. § 830, which requires commercial vehicles to be equipped with rear wheel flaps so "as to bar water or other road surface substances thrown from the rear wheels of such vehicle * * * from

passing in a straight line to the rear of such vehicle * * *." Whether the defendant's vehicle was equipped with flaps was a disputed issue. But Edward Kozora who ran into the rear end of defendant's truck did not testify that water or road surface substances had been thrown onto his windshield by the rear wheels of defendant's truck. On the contrary, he testified that he had passed a car which had been splashing mud on his windshield, but before he returned to the right lane he could see very well. Shortly thereafter he ran into the rear end of defendant's truck. There was not one iota of evidence that the rear wheels of defendant's truck threw mud or water on Kozora's windshield; the alleged absence of flaps on defendant's truck did not play any part, even the slightest, in causing the collision. Point 7 was properly refused.

■ Reasons 6 and 7 complain of error in refusing to charge as requested in plaintiffs' points Nos. 8 and 10. Point 8 cites the Motor Vehicle Code, 75 Purdon's Pa.Stat.Ann. § 831, which requires a vehicle to be so constructed or loaded "as to prevent such contents from dropping, sifting, leaking or otherwise escaping therefrom." The record is barren of any evidence that any of the contents of defendant's truck dropped, sifted, leaked or escaped therefrom. A violation of this statute was not proved.

There was some evidence that after the collision the truck stopped within 100 to 120 feet, and the jacks, blocking and wedges (tools) carried in the bed of the truck moved forward against the planks barricading the front of the truck bed with such force that plaintiffs, but not the driver, received a second impact, whereupon the door on the right side of the cab opened and they fell out. The

2. See: Transcript of charge, pp. 3, 10, 12, 15, 16, 17, 21, 23, 25, 26.

3. No exception was taken to the refusal by the court to charge as requested in point No. 5.

4. The charge need not be phrased in the language of the written request. United States v. Alker, 260 F.2d 135 (3d Cir. 1958); United States v. Smith, 206 F.2d 905, 911 (3d Cir. 1953).

plaintiffs contend that the second jolt added to the injuries received from the impact of the rear-end collision.

The photographs of the truck (Exhibit E) disclose that not only the planks at the front of the truck bed but also the metal back of the cab were between plaintiffs in the cab and the tools in the bed of the truck. There was no evidence that the planks or the back of the cab were broken or dented. There was no evidence that any of the tools escaped from the bed of the truck.

No case has been cited and we have found none which prohibits unsecured tools or other objects to be transported in a truck, train or automobile. Nor are we aware of any duty or principle of law whereby a truck owner could be found guilty of negligence in failing to have contents in the bed of its truck tied down so that they would not slide toward the front of the truck following the impact of a rear-end collision. The rear-end collision was the cause of the accident and the plaintiffs' injuries. Whether or not the defendant's alleged negligence in failing to have properly illuminated rear lamps was in whole or in part a cause of the collision was the principal jury question. The alleged movement of the tools, which added to the plaintiffs' injuries, was merely one of the several proximate consequences of the initial force of the rear-end collision; others were the falls of the plaintiffs from the cab, Kozora's injuries, the damage to Kozora's car, the damage to the truck and the injuries sustained by the plaintiffs. Points 8 and 10 were properly refused.

With respect to points Nos. 6, 7. and 8, violations of statutes must be shown by the evidence to have caused the accident, or to have played some part in causing it, and, a fortiori, the injuries resulting therefrom, and "the trial judge * * * must direct a verdict for defendant where there is no evidence from which the fact finder could make a finding of proximate cause." Almond v. Pollon, 198 F.Supp. 301, 303 (E.D.Pa.1961).[5] In effect this was done with respect to the alleged statutory violations contained in the above mentioned points. Transcript of charge, p. 11.

Finally, with respect to points Nos. 7, 8 and 10, there was no allegation whatsoever in the complaint, in the plaintiffs' pretrial statements, in the record of the pretrial conference, or in the pretrial order, that plaintiffs intended to rely on any of those alleged violations as actionable negligence. The pretrial order narrowed the issues of negligence on the part of the railroad to driving its truck at night, at an extremely slow rate of speed, without rear brake and tail lights,[6] and with cardboard in the window space. Not until the trial was there any mention of absence of rear wheel flaps, or dropping, sifting, leaking or otherwise escaping contents, or failure to tie down tools in the truck bed. There was no evidence that the truck was being driven "at an extremely slow rate of speed".

"It is, of course, established law that a pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." Basista v. Weir, 340 F.2d 74, 85 (3d Cir. 1965). A "theory" or "position" of liability not asserted at the pretrial conference or otherwise should be foreclosed at trial, for one of the primary purposes of pretrial is the elimination of surprise and unfairness to the other side. Wiggins v. City of Philadelphia, 331 F.2d 521, 526 (3d Cir. 1964). The defendant did not object to the evidence concerning violations not asserted in the pretrial order, but even if it had, such evidence would probably have

---

5. Cf. Majors v. Brodhead Hotel, 416 Pa. 265, 205 A.2d 873 (1965); Kaplan v. Philadelphia Transportation Company, 404 Pa. 147, 171 A.2d 166 (1961);

Wisniewski v. Chestnut Hill Hospital, 403 Pa. 610, 170 A.2d 595 (1961).

6. Plaintiffs' Partial Pre-Trial Narrative Statement, items 3(a)(b).

been admissible generally as background reflecting on the maintenance of defendant's truck.

Reason 8 complains that the court erred in refusing to charge as requested in plaintiffs' point No. 9. We have no record that this point was amended, but assuming that it was amended orally, the substance of the point was included in the charge in connection with interrogatories Nos. 2 and 4. Transcript of charge, p. 17.

 There is no merit in reasons 8A and 9. As to 8A, see discussion above at reason 3. As to 9, Kozora testified emphatically several times that he did not see the defendant's truck. It was fairly left to the jury to determine from the evidence whether or not Kozora was the negligent cause of the accident. Transcript of charge, pp. 16–21. Whether he should have seen the truck was a disputed issue. A disinterested witness, James Gameos, testified that he was driving in the same direction on the inside lane of the boulevard and plainly saw the truck 40 to 50 yards ahead in the outside lane. Gameos had turned into the inside lane in order to pass the truck when Kozora passed him on the right. Gameos could not recall whether the truck's rear lamps were on or off, but he testified that he had no trouble seeing the truck.

 Reason 10 complains that the court erred in refusing plaintiffs' request to call a subpoenaed witness, Leland Weckerly,[7] who was not available "at the time he would ordinarily be called to testify." At the conclusion of plaintiffs' case, during the afternoon of the second day of trial, their counsel asked to call Weckerly out of order since he had been informed that the witness was snowbound out of state. The defendant objected to proceeding with its witnesses and then have plaintiffs reopen as to liability. Since the testimony of Weckerly appeared to be merely cumulative and there were no assurances of when he could appear, the requested postponement

of the trial was refused. Testimony was taken for two subsequent days during which there was no suggestion that the witness had become available to testify. It would be intolerable in this overburdened court to interrupt a trial for a day or two to wait for a witness to appear, especially one whose testimony is merely cumulative. Plaintiffs had already produced two witnesses who testified that the rear lamps on defendant's truck were not illuminated. We do not think this reason warrants a new trial.

 Reason 11 complains that the court refused to allow plaintiffs' counsel the right to cross-examine the third-party defendant, Edward Kozora. We think counsel is in error. We did refuse the plaintiffs' request to call Kozora for cross-examination for the reason that it appeared that Kozora was not factually adverse to the plaintiffs who did not sue him. On the contrary, plaintiffs relied upon Kozora to help them establish that the defendant's truck did not have lighted tail lamps. Even if this refusal were error, Kozora took the stand in his own behalf later in the trial and plaintiffs then had the opportunity to cross-examine him and did so.

Reason 12 reserves the right to file additional reasons in support of the motion after the testimony of the trial is transcribed. Plaintiffs did not order a transcription of the testimony nor did they file any additional reasons.

 Reason 13 complains that the court erred in refusing to modify interrogatories Nos. 1 and 2 prior to submitting them to the jury. Counsel asked that the words "in the slightest degree" be inserted after the word "negligent" in interrogatory No. 1. Also, that interrogatory No. 2 states: "Did the plaintiffs prove by a fair preponderance of the evidence that the railroad's negligence in the slightest degree caused the injuries to the plaintiffs in whole or in part?" Neither suggestion was adopted by the

---

7. The subpoena with proof of service was not produced.

court. Neither were the written suggestions offered by the defendant adopted. As heretofore stated,[8] we think that under the instructions the jury thoroughly understood the interrogatories which the court submitted, and that it was to decide whether or not the defendant was negligent and whether or not its negligence in whole or in part caused the accident and plaintiffs' injuries.

Finally, in their brief, with seeming sincerity, plaintiffs request that if a new trial is granted, it should "be limited to the issue of damages only". A brief résumé of the defendant's evidence will show the fallacy of this request. The evidence on behalf of the defendant discloses that except for an absent glass window on the right side of the cab, there were no other defects in the truck. The tools were properly positioned in the bed of the truck. The truck was proceeding in the outside lane at a speed of 35 miles per hour when struck from the rear by Kozora's car;[9] at that time the rear lamps were functioning, as well as the electric marker lights; the truck was properly equipped with reflectors and mud flaps. The truck was visible for 40 to 50 yards to the driver Gameos who was proceeding in the same direction and intending to pass. After the collision, the truck stopped on the berm within a distance of about 120 feet. The plaintiffs opened the door and got out. As a result of the collision, two right rear lamps of the truck were damaged and the right rear mud flap was torn off; there was only one impact upon the occupants; the tools remained in position. The police report indicates that there were lights on the rear of the truck after the accident (Exhibit D).

■ Prior to the fateful trip, the driver of the truck inspected the rear lights and the markers on the truck and found them to be functioning. If his testimony is believed, even if the rear lamps went out en route without his knowledge, the defendant would be excused from violating the statute (75 Purdon's Pa.Stat.Ann. § 801(d), 1969 supp.) providing that a vehicle shall not be driven on a highway at night without lighted rear lamps. See: Restatement, Torts 2d, § 288A, Illustration 3 (1965).[10]

■ If the truck was plainly visible from the rear for 40 or 50 yards as the witness Gameos testified, it was not foreseeable that Kozora would collide with its rear end. It cannot be said that such an eventuality was reasonably likely to arise in that circumstance. Contrary to plaintiffs' argument, "reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence", Gallick v. Baltimore & Ohio R. Co., 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618 (1963).

It seems obvious that even if a new trial were to be granted, it could not be tried on damages alone.

An appropriate order will be entered.

---

8. See discussion under reason 3.

9. The assured clear distance rule (75 Purdon's Pa.Stat.Ann. § 1002(a)) is applicable when both vehicles are moving. Makowsky v. Povlick, 262 F.2d 13 (3d Cir. 1959). The case sub judice was not a case of a moving vehicle suddenly cutting in front of another as in Fleischman v. City of Reading, 388 Pa. 183, 130 A. 2d 429 (1957).

10. The jury was not but should have been instructed with respect to excused violations of a statute, but this omission was not prejudicial to plaintiffs.