321 So.2d 645

In re Robert William HUSKEY et al.

v.

W. B. GOODWYN COMPANY, INC., an
Alabama Corporation, et al.

Ex parte Robert William Huskey et al.

SC 1249.

Supreme Court of Alabama.

Nov. 6, 1975.

2

Guy F. Gunter III, Opelika, for petition-
ers.

Samford, Denson & Horsley, Opelika, for W. B. Goodwyn Co., Inc., an Ala.Corp., opposed.

**4**

JONES, Justice.

This is a petition for a writ of mandamus from the Circuit Court of Lee County to require Judge L. J. Tyner to allow petitioners Robert Huskey, Aubrey Huskey, and Blanche Huskey to amend the complaint they filed against respondents W. B. Goodwyn Company and Pawnee Construction Company.

The Huskeys filed their original complaint on October 22, 1974, alleging damages to their medical office building as a result of defendants' trespass and negligence in performing construction work. After both respondents filed answers, a pre-trial conference was held and Judge Tyner entered a pre-trial order on March 26, 1975. Subsequently, on April 9, the petitioners moved the Court for leave to amend their complaint. The amended complaint added a claim for punitive damages, a claim for interference with the medical practice of Aubrey Huskey, and a third cause of action, alleging that a heart attack suffered by Blanche Huskey was a direct result of the respondents' activities. The amount of damages sought was raised from $12,000 for property damages to $140,000 for the additional claims of punitive damages, interference with medical practice, and personal injuries.

On April 14, 1975, respondents moved the Court to strike the third cause of action contained in the amended complaint or in the alternative to continue that cause until the next term of court. They moved the Court to strike the petitioners' entire amended complaint on April 16, and Judge Tyner entered such an order. The Huskeys then filed a petition for rule nisi and writ of mandamus in this Court. This Court entered an order on April 23 requiring Judge Tyner to show cause why he should not be required to vacate his order sustaining the respondents' motion to strike and why he should not allow the petitioners to amend. Judge Tyner answered the show cause order on may 23, forcing this adjudication on the writ of mandamus. We grant the writ.

■ This case presents two basic issues for review. First, is mandamus a proper remedy to review an order striking amended pleadings? Second, does the entry of a pre-trial order substantially foreclose further amendments to the pleadings?

On the first issue, both petitioners and respondents base their arguments upon the two recent Alabama cases, *Ex parte Miller,* 292 Ala. 554, 297 So.2d 802 (1974), and *Ex parte Stead, Jr.,* 294 Ala. 3, 310 So.2d 469 (1975). Both cases address the issue of whether mandamus is an appropriate remedy for a party whose right to amend his complaint has been denied by the trial judge.

In the *Miller* case, the trial Judge had denied the petitioner's attempt to add two new defendants by amendment. Justice Coleman reviewed previous Alabama law to the effect that mandamus is only proper where adequate relief cannot be had by appeal. He observed that if the petitioner

were denied relief through mandamus they would have to go through an entire trial against the originally named defendants before trying their case against the two additional defendants. Such a result, he concluded, rendered appeal inadequate in that case. Still, he cautioned that "[i]t is not to be assumed or understood . . . that mandamus will be allowed as a method of reviewing all rulings denying the right to amend a complaint or other pleading."

In *Stead,* the issue of whether mandamus was a proper remedy to review the denial of pleading amendments was addressed by Justice Faulkner. In the *Stead* case, the plaintiff had moved to continue the trial several times during a two-year period between the first filing of the complaint and the proposed amendment. The amendment changed the entire theory of the action from a simple contract action to an action encompassing fraud, misrepresentation, negligence, and wanton breach of contract. Pointing out the petitioner's "long history of delays and continuances," Justice Faulkner concluded that this was one of the cases in which mandamus should not be allowed to review the ruling denying the right to amend. The rationale for denying mandamus in the *Stead* case was to weigh the prejudice to the opposing party against the possibility that the petitioner would have to go through a second trial. Where the trial on the issues would be unduly delayed or the opposing party unduly prejudiced, the petition should be denied.

Applying the *Stead* guidelines to the instant case, we find that the petitioners do not have a long history of delays in this trial; they have asked for no continuances and have offered no other amendments. Although it added a new cause of action for Blanche Huskey's heart attack, the amended complaint still arises from the same general fact situation involved in the original complaint. With a continuance for medical depositions, the respondents can defend the amended complaint as easily as the original claims for relief. The continuance will, of course, delay the trial, but the crux of the *Stead* test is whether the amendment will "unduly delay" the trial or "unduly prejudice" the respondents. We hold that in the context of this case, where the bad faith elements of *Stead* are absent, the trial is not unduly delayed and the respondents are not unduly prejudiced by the amended complaint; therefore, mandamus is the proper remedy.

■ Turning now to the second basic issue of this case, we must decide what effect the entry of a pre-trial order should have upon the right to amend pleadings. This question is unresolved in Alabama practice.

The practice in the federal system is not standardized. Many circuits adhere to the strict view that the pre-trial order should not be altered except to prevent manifest injustice. *Idzojtic v. Pennsylvania R. Co.,* 47 F.R.D. 25 (W.D.Pa.1969); *Ely v. Reading Co.,* 424 F.2d 758 (3d Cir. 1970). Other circuits require that Rule 16 be read in conjunction with Rules 1 and 15 to allow amendments when justice so requires. *Wallin v. Fuller,* 476 F.2d 1204 (5th Cir. 1973); *Bucky v. Sebo,* 208 F.2d 304 (2d Cir. 1953); *Dering v. Williams,* 378 F.2d 417 (9th Cir. 1967).

The countervailing opinions of the federal circuits dealing with this problem diverge from a common philosophical origin. They attempt to "balance the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." 3 Moore, *Federal Practice,* § 16.20, at 1136 (1975).

The strict view of preserving the pre-trial order is grounded on a policy of expediency. To clear crowded dockets by obtaining admissions of fact and encouraging settlement, to prevent surprise by revealing lists of witnesses and expected testimony, to simplify the conduct of the trial by re-

fining issues and amending pleadings are among the reasons advanced for strictly adhering to pre-trial orders. Courts following this view hold that the trial court has a right to expect that at pre-trial proceedings counsel will be as thoroughly familiar with the case as they will be at trial. *McCarthy v. Lerner Stores Corp.,* 9 F.R.D. 31 (D.D.C.1949). In those circuits, the pre-trial order will generally not be modified without a showing of manifest injustice and the trial judge is given broad discretion to deny proposed amendments. *Ely v. Reading Co.,* supra.

On the other hand, circuits which permit liberal amendment of pre-trial orders emphasize the need for doing justice between the parties over maintaining an orderly procedure. These circuits read Rule 16 in conjunction with Rule 15 and "the mandate of Rule 1 that rules shall be construed to secure a 'just' determination of every action." 6 Wright and Miller, *Federal Practice and Procedure,* § 1491 at 456 (1971).

In the 5th Circuit case of *Wallin v. Fuller,* supra, the court said, "Unbending adherence to the strictures of Rule 16 would, however, frustrate another broad policy of the federal rules favoring liberality of amendment. This policy is principally embodied in Rule 15, which deals with amendments to the pleadings. It is unlikely that the pretrial order under Rule 16 was intended to make the pleadings, and therefore Rule 15, obsolete."

In choosing from these two views a course of Alabama law, we draw upon both the textual additions to ARCP 15(b) and the committee comments to ARCP 15 and 16 to discern the thinking of the drafters. The primary textual difference between the Alabama and the Federal Rules regarding amended pleadings is the final two sentences of Alabama's Rule 15(b). They read, "An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires."

In his treatise on Alabama Practice, Champ Lyons, the Committee Reporter, admits that "it could be persuasively argued that the rules dictated the result commanded in the last two sentences of Rule 15(b) without their inclusion. However, Committee sentiment was heavily on the side of abundant clarity." 1 Lyons, *Alabama Practice,* § 15.5, at 308–9. In discussing the philosophy of Rule 15, Lyons says that it is the *sine qua non* for the philosophy of the entire ARCP that "pleadings are a means, not an end, and the action should be resolved on its merits, not upon technicalities. . . . Without [Rule 15's] permissive approach to the right to amend, the allegiance to substance over form which permeates these rules would not be attainable." 1 Lyons, *Alabama Practice,* § 15.1, at 308. Such statements indicate that in the balance between expedient disposition of law suits and full justice on the merits, Alabama's rules are weighted more heavily in favor of the latter.

To apply Alabama's policy of liberal amendments to the post pre-trial order situation, we refer to the Committee Comments to Rule 16 for guidance. The Committee seemed to be strongly opposed to following federal precedent in this area: "[a]s the Rule approaches middle age in the Federal System, its abuse has returned issue simplification to a level reminiscent of the common law technicalities it was designed to replace . . . this committee condemns the imposition of burdensome and often wasteful requirements on pretrial preparation." Alabama Rules of Court, p. 66 (1975). Bearing this comment in mind, we find it unlikely that the Committee anticipated the rigorous enforcement of pre-trial orders practiced in those federal courts which expect the counsel to be as

thoroughly familiar with the case at pre-trial as they will be at trial.[1]

We believe that Alabama Rule 16 must be read in conjunction with Rule 15 and Rule 1; therefore, liberal allowance of amendment when justice so requires must take precedence over strict adherence to the pre-trial order in Alabama practice. The vast majority of federal courts adopting this approach have faced the issue in the context of the trial or post-trial situation where amendments were offered to conform the pleadings to the evidence under Rule 15(b). It is important to note, however, that appellants in the instant case have offered their amendments before the beginning of trial. Therefore, this case presents an even stronger argument for allowing amendments than the line of federal cases we choose to follow. When amendments are offered before trial, the argument that the opposing party is prejudiced by unfair surprise vanishes. There is still time for discovery and preparation, and a continuance to allow opponents to counter either new claims for relief or theories of defense is less time-consuming before trial begins than during its progress or by post-trial procedure.

█ Our analysis is not intended to establish absolute guidelines for allowing amendments following the entry of pre-trial orders. It is intended, rather, to expouse the philosophy of the Alabama rules in this area and explain how that philosophy dictates certain results. Under Alabama practice, the entry of a pre-trial order does not supersede the Rule 15 requirement that "amendments shall be freely allowed when justice so requires." To com-

ply with Rule 15, the trial judge must allow a proposed amendment if it is necessary for a full determination of the merits of the case and it does not unduly prejudice the opposing party or unduly delay the trial.[2]

In the context of the instant case, the merits cannot be fully litigated without allowing the amendment because the amendment introduced additional claims for relief. The only remaining issue is whether the amendment results in undue prejudice or delay.

Primarily, the petitioners were trying to accomplish three things by amendments. First, they wanted to add an allegation of malicious conduct, thereby seeking punitive damages. Second, they wanted to include a claim for additional damages to Aubrey Huskey's medical practice. Third, they wanted to introduce a new cause of action by linking the respondents' trespass to a heart attack suffered by Blanche Huskey.

The first portion of the amendment would require no additional preparation on the part of the respondents. If they were prepared to defend a charge of simple trespass for compensatory damages, they should be prepared to defend the punitive allegation which will be more difficult for the petitioners to prove.

On the second addition, the respondents were already preparing to defend the claim of damage to Aubrey Huskey's medical practice because they had requested and received all his tax returns for the years in question.

█ The final portion of the proposed amendment adding the cause of action for

---

1. This is not to be understood as favoring a policy of treating the pre-trial conference and order as relatively unimportant. To be sure, Rule 16 can be given a meaningful field of operation only in the context of adequate preparation commensurate with the highest standards of professionalism. We only emphasize that the pre-trial conference is not a trial on the merits, and it should not result

in an order so rigid as to preclude a full adjudication of each case.

2. This standard results from a combination of our explication of Rules 15 and 16 and the test set out in the *Stead* case, which we believe, of necessity, merged the considerations for the propriety of mandamus vis-à-vis appeal with the guidelines for allowing amendment to pleadings.

the heart attack presents different considerations because it requires medical testimony and expert witnesses. To meet this claim, the respondents may justifiably request a continuance. As was previously discussed, a continuance before the beginning of trial does not, in the usual case, unduly delay the litigation, and should be granted whenever it is necessary to achieve a just determination on the merits.

In view of our holding that the trial Court erred in granting respondents' motion to strike petitioners' amended complaint, we feel constrained to conclude on a note of caution. Nothing in this opinion is to be construed as impinging on the exercise of the trial court's sound discretion in disallowing post pre-trial amendments in instances where the judicial process would be unduly delayed or impeded, or where prejudice to the substantial rights of the parties would result.

Writ granted.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.