BRADLEY, Judge.
This is a domestic relations case. The issue presented to this court for review is whether the trial court erred to reversal in denying the husband a one day continuance of a hearing and/or in denying his motion for instanter rehearing. We find no gross abuse of discretion by the trial court and affirm.
The parties to this appeal were married in 1956. In March 1977 the husband filed *1109 suit for divorce alleging that his wife was a non-resident of Alabama and that he did not know her present whereabouts. Following publication in the' local newspaper of notice of the divorce action, the husband was granted the divorce by default judgment on June 22, 1977.
On November 7, 1978 the wife filed a motion to set aside the judgment of divorce, alleging that the decree was procured by fraud and that at the time the decree was rendered the parties were living together as husband and wife in Georgia. The wife later filed an answer and cross-complaint for divorce, a motion for alimony, child support, and attorney’s fees pendente lite, and a motion for possession of the home-place (a mobile home).
The wife’s motion to set aside the divorce decree and her other motions were set down for hearing on December 14, 1978. On that date the wife and her counsel appeared, but the husband’s attorney requested a continuance due to the fact of his (the husband’s attorney’s) involvement in a criminal trial that day. The husband was “on call” to be present at the hearing, if necessary, but the requested continuance was granted. The matter was reset for December 19, 1978. It appears from the record that the husband’s attorney was unable to contact the husband until sometime on December 18th to inform him of the December 19th hearing; but the husband stated that his job required him to be out of town on the 19th, and that he would lose his job if he did not make the business trip.
At the hearing on the 19th plaintiff’s attorney requested the trial court to continue the case on a day to day basis so that the husband could appear and testify. The trial court denied this request, heard testimony from the wife, then entered an order, dated December 19, 1978, setting aside the judgment of divorce.
The husband moved for an “instanter rehearing,” requesting that the court vacate its December 19th order which set aside the judgment of divorce. A hearing on the husband’s motion for instanter rehearing was held on January 3, 1979. At this hearing the husband’s attorney attempted to adduce testimony from the husband to refute the wife’s allegation that the divorce decree was fraudulently obtained. However, the trial court refused to allow plaintiff’s attorney to inquire into the same facts about which the' court had heard testimony on December 19th; whereupon the proceeding terminated. The trial court entered an order dated January 3, 1979, denying the husband’s motion for instanter rehearing.
The husband contends on appeal that the trial court abused its discretion in not granting the continuance requested at the December 19th hearing, and that the trial court further abused its discretion in not allowing the husband to present evidence as to the reasons why he should be granted a rehearing on the wife’s motion to set aside the judgment of divorce. In the alternative, the husband petitions this court to issue a writ of mandamus to the trial court, ordering that the wife’s motion be set for a new and complete hearing.
We are not persuaded that the husband is entitled to the relief he seeks. It is well-settled that continuances are not favored. See e. g., Cavalier Insurance Corp. v. Gann, 57 Ala.App. 519, 329 So.2d 573 (1976). The grant or refusal of a continuance is within the discretion of the trial court and such ruling will be revised on appeal only where it is shown that such discretion has been obviously and palpably abused. Arant v. Grier, 286 Ala. 263, 239 So.2d 188 (1970); Sherk v. Sherk, 55 Ala.App. 345, 315 So.2d 437 (1975); see also, 4A Ala.Dig., Continuance, «=>7.
Under the facts presented by this record, we find no palpable, obvious abuse of discretion in the trial court’s refusal to set down for the third time the hearing on the husband’s motion. Indeed, such requests for a second continuance are seldom favored. McWhorter v. McWhorter, Fla.App., 122 So.2d 504 (1960); see also, 17 C.J.S. Continuances § 112 (1963).
Nor do we find persuasive the principal case relied upon by appellant, Huskey v. W. B. Goodwyn Company, 295 Ala. 1, 321 So.2d *1110 645 (1975). The Alabama Supreme Court said in Huskey that a defending party may justifiably request a continuance in order to prepare to meet the new allegations contained in complaint that had been amended five days prior to the request for continuance. In the case at bar the wife’s motion to set aside the judgment of divorce was filed five weeks prior to the first scheduled hearing on that motion. Moreover, the Huskey case involved but one requested continuance.
There being no gross abuse of discretion by the trial court, this case is affirmed.
The wife has requested an award of attorney’s fees for this appeal. An award of $500 is hereby granted.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.