429 So.2d 981 (1983)
James R. HUGHES
v.
James H. WALLACE & Betty D. Wallace.
81-177.
Supreme Court of Alabama.
March 25, 1983.
*982 Bruce Maddox of Barton & Maddox, Tuscaloosa, for appellant.
William P. Gray, Jr. of Gray & Espy, Tuscaloosa, for appellees.
ADAMS, Justice.
This appeal involves an action arising out of a contract for the purchase of a lot and the construction of a house. It comes to us from the Circuit Court for Tuscaloosa County. James H. Wallace and Betty D. Wallace (plaintiffs) sued James R. Hughes (defendant), with whom they had contracted for the building of their house. Plaintiffs sought equitable relief and money damages. Defendant asserted a counterclaim alleging breach of contract. The case was tried before a jury, with the trial court deciding that a resulting trust of the lot arose in favor of plaintiffs. It ordered defendant to convey the lot to plaintiffs. Other, non-equitable, issues were submitted to the jury, which found that neither party should recover from the other. After the denial of his motion for a new trial, defendant appealed.
Defendant raises three issues for our review:
1. Did the trial court err to reversal by allowing defendant's former attorney to testify to an alleged agreement made earlier by the parties to resolve their dispute?
2. Did the trial court err to reversal by allowing testimony to explain the contract price as contained in the original written agreement between the parties?
3. Did the trial court err to reversal by not granting defendant's request for a jury trial on the equitable issue of the resulting trust?
We answer the questions posed by the first two issues in the negative. We find that defendant has failed to preserve error on the third issue, thereby precluding our review of it. Accordingly, the judgment of the trial court is affirmed.
On April 4, 1980, the parties entered into a written contract for the purchase of a lot and the construction of a house thereon. The contract recites the purchase price as being $52,000.00. Plaintiffs contend, and offered testimony at trial supporting their contention, that the purchase price was, in fact, a composite of three separate items. They insist that $41,000.00 was defendant's fee for constructing the house. The realtor's fee of $2,700.00 was the second item plaintiffs claim was included in the total purchase price. The third item, $8,300.00, for the lot, made up the balance, according to plaintiffs. Plaintiffs further claim that they paid the $8,300.00, for the lot, and allowed the deed to be placed in defendant's name so that he could obtain a construction loan to build the house. Defendant denied that and offered a different explanation at trial. He testified that he was to be paid $52,000.00 if he built the house for plaintiffs, but only $41,000.00 if he built the house for the realtor involved in the transaction. After entering into the contract, defendant began work on the house. A dispute subsequently arose between the parties, as a result of which plaintiffs instructed defendant to stop work on the project. He did, and consequently he did not finish the house.
In an effort to settle the dispute, plaintiffs' attorney wrote to defendant, detailing *983 a proposal to allow defendant to permanently withdraw from the job and be paid a reduced fee and deed the lot back to plaintiffs. At trial, plaintiffs called John Moeller, Esq., defendant's former attorney, to testify. Over defendant's objection Moeller testified that he orally accepted the proposal for the defendant, and that defendant signed a deed, but that he did not deliver the deed to plaintiffs' attorney because defendant refused to abide by the agreement. By count two of their complaint, plaintiffs seek specific performance of the agreement which they allege defendant's former attorney accepted.
Defendant's argument that the trial court erred to reversal by allowing Moeller to testify to the parties' second agreement is not well founded. We decline to consider defendant's argument that the agreement violated our statute of frauds as contained in Code 1975, § 8-9-2(5). Under Rule 8(c), Alabama Rules of Civil Procedure, the statute of frauds is an affirmative defense which must be specially pleaded. His failure to do so constitutes a waiver of that defense. Campbell v. Campbell, 371 So.2d 55 (Ala.Civ.App.1979); Miller v. Brown-Fikes Ford, Inc., 370 So.2d 1052 (Ala.Civ.App.1979). Although defendant points out that he attempted to amend his pleadings pursuant to Rule 15, A.R.C.P., and thereby raise the statute of frauds defense, his attempt to do so did not come until Moeller was on the stand. It is within the trial court's discretion to allow an amendment under the rule, and absent an abuse of that discretion we will not reverse. Employers Casualty Company v. Hagendorfer, 393 So.2d 999 (Ala.1981); Stallings v. Angelica Uniform Company, 388 So.2d 942 (Ala.1980); B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979). Here, defendant advances no justifiable reason for failing to raise the defense earlier. Indeed, we can perceive of none. The trial court properly denied defendant's untimely motion.
Defendant argues that Moeller's testimony violated the attorney-client privilege, and was erroneously allowed into evidence by the trial court over his objection. We disagree. Statements made by a client to his attorney for communication to a third person, or which are to be made public, or which necessarily must be made public in the discharge of the attorney's duty to his client, are not protected by the privilege. Sawyer v. Stanley, 241 Ala. 39 at 42,1 So.2d 21 at 23 (1941); Ex parte Griffith, 278 Ala. 344, 178 So.2d 169 (1965). Moeller's testimony related to matters clearly intended for communication to plaintiffs' attorney, and, thus, do not come under the cloak of the attorney-client privilege. Defendant's argument is without merit.
Lastly, defendant argues that admission of testimony during plaintiffs' case explaining the contract purchase price of $52,000.00, violated the parol evidence rule. It is unnecessary for us to consider defendant's argument. Defendant also testified extensively about the purchase price, offering a different explanation as noted above. He cannot claim that plaintiffs' explanation of the purchase price violated the parol evidence rule, and constituted reversible error, when he also sought to explain that the purchase price meant something other than that which was stated. No reversible error exists.
For all of the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring in result).
Because I agree with the holding of the trial court that the statute of frauds would not be available to defeat the establishment of the resulting trust, Cole v. Adkins, 358 So.2d 447 (Ala.1978), I concur in the result reached by the court. I disagree with that portion of the opinion which holds that the delay in asserting a defense, without a showing of undue prejudice to the opposing party or undue delay on trial of the issues, is sufficient basis for refusal to permit amendment under Rule 15, A.R.Civ.P.
*984 I am in complete agreement with the Court's statement that Rule 8(c), A.R. Civ.P., requires the defense of statute of frauds to be affirmatively pleaded and that failure to so plead constitutes a waiver of that defense. Furthermore, I agree with the Court's recognition that the trial court is allowed considerable discretion in determining what the interests of justice require for purposes of Rule 15(a), A.R.Civ.P., and that the decision of the trial court is not subject to review on appeal absent abuse of discretion. The trial court, however, must exercise its discretion and is required to allow amendments freely. Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 310 So.2d 469 (1975). The court may not impose arbitrary restrictions on the availability of amendments or use its discretion in a way that undermines the basic policy of the rule.
The United States Supreme Court enunciated a general standard which is to be employed under Rule 15(a), F.R.Civ.P., which is similar to our own rule:
"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasonsuch as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be `freely given.'"
Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).
Rule 15(a), A.R.Civ.P., does not provide any time limits for determining when an amendment should be allowed, nor have our courts imposed any arbitrary restrictions. Amendment of the pleadings has been allowed at various stages of the litigation. Review of the decisions of our courts reveals that the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. In Huskey v. W.B. Goodwyn Co., Inc., 295 Ala. 1, 321 So.2d 645 (1975), this Court held that the trial court erred in striking the plaintiff's amended complaint, even though the pretrial order had been entered before amendment was sought. In McElrath v. Consolidated Pipe & Supply Co., 351 So.2d 560 (Ala.1977), we held that the trial court's refusal to allow amendment of an answer after the case had been called for trial and its refusal to allow further amendment at the conclusion of the evidence were erroneous. In National Distillers & Chemical Corp. v. American Laubscher Corp., 338 So.2d 1269 (Ala.1976), we upheld the trial court's decision to allow the plaintiff to amend its complaint during trial and at the close of its case. Furthermore, in Dalrymple v. White, 402 So.2d 968 (Ala. 1981), we held that it was within the discretion of the trial court to allow amendment of the complaint after trial to conform to the evidence presented at trial. Wright and Miller in their treatise 6 Federal Practice and Procedure: Civil § 1488 at 438 state:
"The policy of allowing amendments to be made at any time during the litigation is sound. It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed or testimony has been taken at trial. Nonetheless, in keeping with the purpose of Rule 15(a), which is to facilitate a determination of the action on its merits, a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. In most cases, delay alone is not a sufficient reason for denying leave. However, an amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action."
*985 This Court expressed a similar view in National Distillers & Chemical Corp. v. American Laubscher Corp., 338 So.2d at 1274.
This Court in Vernon Carpet Mills v. Rossville Spinning Corp., 344 So.2d 1205, 1207 (Ala.1977), stated:
"Rule 15 is reflective of the policy of the rules to allow the maximum opportunity to state each claim and have it decided on the merits, and dispense with technical requirements so long as the parties are provided with notice of the nature of the pleader's claim or defense."
It is my opinion that the spirit of the rule would be violated by a court's refusal to allow amendment of the pleadings in circumstances such as those presented here without a showing of undue prejudice or delay of trial on the issues.