Because I agree with the holding of the trial court that the statute of frauds would not be available to defeat the establishment of the resulting trust, Cole v. Adkins,358 So.2d 447 (Ala. 1978), I concur in the result reached by the court. I disagree with that portion of the opinion which holds that the delay in asserting a defense, without a showing of undue prejudice to the opposing party or undue delay on trial of the issues, is sufficient basis for refusal to permit amendment under Rule 15, A.R.Civ.P. *Page 984 
I am in complete agreement with the Court's statement that Rule 8 (c), A.R.Civ.P., requires the defense of statute of frauds to be affirmatively pleaded and that failure to so plead constitutes a waiver of that defense. Furthermore, I agree with the Court's recognition that the trial court is allowed considerable discretion in determining what the interests of justice require for purposes of Rule 15 (a), A.R.Civ.P., and that the decision of the trial court is not subject to review on appeal absent abuse of discretion. The trial court, however, must exercise its discretion and is required to allow amendments freely. Stead v. Blue Cross-Blue Shield of Alabama,294 Ala. 3, 310 So.2d 469 (1975). The court may not impose arbitrary restrictions on the availability of amendments or use its discretion in a way that undermines the basic policy of the rule.
The United States Supreme Court enunciated a general standard which is to be employed under Rule 15 (a), F.R.Civ.P., which is similar to our own rule:
 "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be `freely given.'"
Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230,9 L.Ed.2d 222 (1962).
Rule 15 (a), A.R.Civ.P., does not provide any time limits for determining when an amendment should be allowed, nor have our courts imposed any arbitrary restrictions. Amendment of the pleadings has been allowed at various stages of the litigation. Review of the decisions of our courts reveals that the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. InHuskey v. W.B. Goodwyn Co., Inc., 295 Ala. 1, 321 So.2d 645
(1975), this Court held that the trial court erred in striking the plaintiff's amended complaint, even though the pretrial order had been entered before amendment was sought. In McElrathv. Consolidated Pipe Supply Co., 351 So.2d 560 (Ala. 1977), we held that the trial court's refusal to allow amendment of an answer after the case had been called for trial and its refusal to allow further amendment at the conclusion of the evidence were erroneous. In National Distillers Chemical Corp. v.American Laubscher Corp., 338 So.2d 1269 (Ala. 1976), we upheld the trial court's decision to allow the plaintiff to amend its complaint during trial and at the close of its case. Furthermore, in Dalrymple v. White, 402 So.2d 968 (Ala. 1981), we held that it was within the discretion of the trial court to allow amendment of the complaint after trial to conform to the evidence presented at trial. Wright and Miller in their treatise 6 Federal Practice and Procedure: Civil § 1488 at 438 state:
 "The policy of allowing amendments to be made at any time during the litigation is sound. It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed or testimony has been taken at trial. Nonetheless, in keeping with the purpose of Rule 15 (a), which is to facilitate a determination of the action on its merits, a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. In most cases, delay alone is not a sufficient reason for denying leave. However, an amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action." *Page 985 
This Court expressed a similar view in National Distillers Chemical Corp. v. American Laubscher Corp., 338 So.2d at 1274.
This Court in Vernon Carpet Mills v. Rossville SpinningCorp., 344 So.2d 1205, 1207 (Ala. 1977), stated:
 "Rule 15 is reflective of the policy of the rules to allow the maximum opportunity to state each claim and have it decided on the merits, and dispense with technical requirements so long as the parties are provided with notice of the nature of the pleader's claim or defense."
It is my opinion that the spirit of the rule would be violated by a court's refusal to allow amendment of the pleadings in circumstances such as those presented here without a showing of undue prejudice or delay of trial on the issues.