BRADLEY, Presiding Judge.
This appeal arises out of a claim by the plaintiff, Coblentz G.M.C. Truck Sales (Cob-lentz), against the defendant, Eugene Adams, for work and labor done in the amount of $2,594.71.
It is undisputed that Adams took his 1973 Ford truck to Coblentz for repairs. However, while the truck was on the Cob-lentz repair yard, Montgomery suffered a freeze. Consequently, the engine block on Adams’s truck froze.
When Adams failed to pay his repair bills, Coblentz filed a complaint seeking recovery for the work on the truck. Adams responded by filing a counterclaim in which he alleged that Coblentz had allowed his truck to freeze while under Cob-lentz’s control.
Adams asserted that Coblentz agreed to care for Adams’s truck while repairing it and that the frozen engine resulted from: (1) a breach of contract, (2) negligence, and (3) wantonness by Coblentz.
Prior to trial, Coblentz filed a motion to dismiss, resulting in the dismissal of both the negligence and wantonness counts in Adams’s counterclaim. After the trial of the case, Coblentz’s claim for work and labor performed and Adams’s claim for breach of implied contract were submitted to the jury. The jury rendered a verdict in favor of Coblentz and against Adams.
Adams appeals to this court and argues that the trial court erred by not granting him a new trial because of the dismissal of counts two and three of his counterclaim on the ground that the one-year limitations period had expired. He also says that the trial court erred by allowing Coblentz to pursue his statute of limitations defense when such defense was not included in the pretrial order.
We first examine defendant’s contention that counts two and three of his counter *1025 claim were improperly dismissed. It is well settled that if a defendant’s counterclaim is deemed compulsory, then it relates back to when plaintiff’s claim arose. Hagler v. Ford Motor Credit Co., 367 So.2d 468 (Ala. Civ.App.1978), cert, denied, 367 So.2d 470 (Ala.1979). Determining that defendant’s counterclaim is compulsory would, therefore, save it from the otherwise applicable statute of limitations. Hagler, supra. Consequently, we must decide whether the two counts in question are compulsory counterclaims.
In making the decision whether claims are compulsory counterclaims, our courts have applied the logical relationship test. Under that test a counterclaim is deemed compulsory when “the original claim and the counterclaim [arise] out of the same aggregate core of operative facts.” Brooks v. Peoples National Bank, 414 So.2d 917 (AIa.1982). Whether the two claims arise out of the same operative facts can be determined by whether the issues, facts, and law raised by claim and counterclaim are largely the same and whether the same evidence will support or refute plaintiff’s claim as well as defendant’s counterclaim. Desroches v. Ryder Truck Rental, Inc., 429 So.2d 1010 (Ala.1983).
After a careful examination of the face of the complaint and the counterclaim, we find that the two claims do not arise out of the same core of operative facts.
In its claim plaintiff seeks recovery for work and labor done in repairing defendant’s truck. In his counterclaim defendant seeks recovery for plaintiff’s negligent failure to place antifreeze in his truck while it was in plaintiff’s possession, thus allowing the engine block to freeze and burst.
Evidence that plaintiff had made repairs to defendant’s truck as requested would not necessarily prove that plaintiff had negligently allowed defendant’s truck engine to freeze while in its possession. Neither are the issues of law in the two claims largely the same. Plaintiff’s claim seeks recovery for work and labor done on the truck, whereas defendant seeks recovery based on plaintiff’s negligent care of his vehicle while it was in plaintiff’s care. The issues thus raised are obviously different.
Based on the above, we conclude that the counterclaims in issue are not compulsory counterclaims and, therefore, do not relate back to the time when plaintiff's claim arose. Since they do not relate back to the time of plaintiff’s claim, the counterclaims are not saved from the applicable one-year statute of limitations. See, § 6-2-39, Code 1975.
Second, Adams asserts that the court abused its discretion by allowing Coblentz’s motion to dismiss based on a statute of limitations defense. Adams maintains that as the statute of limitations defense was omitted from the pretrial order it could not form the basis for the motion to dismiss. We now consider the consequences of that pretrial order.
In Huskey v. W.B. Goodwyn Co., 295 Ala. 1, 321 So.2d 645 (1975), our supreme court considered this very issue:
“Alabama Rule 16 must be read in conjunction with Rule 15 and Rule 1; therefore, liberal allowance of amendment when justice so requires must take precedence over strict adherence to the pre-trial order in Alabama practice.”
The Huskey court then permitted the amendments to the pleadings to be made.
Further, it is within the trial court’s discretion to allow for amendments to the pleadings. Arfor-Brynfield, Inc. v. Huntsville Mall, 479 So.2d 1146 (Ala.1985). Our supreme court has specifically stated that “[w]e simply leave to the discretion of the trial court the matter of amendments to pre-trial orders.” Arfor-Brynfield, Inc., supra.
We have examined the record and fail to find any abuse of discretion in the trial court’s allowance of the statute of limitations defense.
In view of the previously stated legal principles and the discretion vested with the trial court in ruling on these matters, we find that no reversible error was committed in the denial of Adams’s motion for new trial.
*1026 The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.