310 So.2d 469

**In re Eston H. STEAD, Jr.**

**v.**

**BLUE CROSS–BLUE SHIELD OF ALABAMA, a corporation.**

**Ex parte Eston H. Stead, Jr.**

**SC 977.**

Supreme Court of Alabama.

March 6, 1975.

Rehearing Denied April 17, 1975.

John H. Lavette, Birmingham, for petitioner.

J. Gusty Yearout, Birmingham, for respondent.

FAULKNER, Justice.

Petitioner filed his original complaint against Blue Cross-Blue Shield on February 21, 1972, claiming damages of $6,000 for breach of a policy of insurance issued to him on October 1, 1970. Blue Cross denied the claim because of pre-existing illness. It appears that petitioner had a history of drug addiction and schizophrenia. The policy contained a provision which required the policy to be in effect for a minimum of nine months for a condition existing prior to date of inception of the policy. After the policy was five months old, petitioner was hospitalized for treatment of drug addiction and schizophrenia.

After suit was filed, petitioner moved to Kentucky. Upon motion of petitioner the suit was continued a number of times during the period of two years following the filing of the suit. When the case was set for trial in February, 1974, petitioner asked leave of the court to amend his complaint. While the original complaint was short and simple, and sounding in contract, the amendment was sixteen pages long, encompassing inter alia fraud, misrepresentation, negligence, and wanton breach of contract. Damages for $125,000 were claimed. Blue Cross-Blue Shield opposed the amendment, and in August, 1974, Judge Deason denied the motion to amend.

Petitioner filed a writ of mandamus in this court to require the trial judge to allow the amendment. The petitioner says that the spirit of Rule 15, Alabama Rules of Procedure, requires that amendments be freely allowed. Petitioner avers that the remedy of appeal is not adequate in this case, because, if successful, it would require another trial on the fraud counts. He would suffer irreparable injury in such event.

Blue Cross-Blue Shield claims the averments in the amendment were sufficiently expressed in the original complaint. It claims any fraud or misrepresentation

prior to the inception of the policy should not be allowed because (1) it would be unjust to require Blue Cross-Blue Shield to prepare for trial on acts which took place three years preceding any notice of such claim, and (2) petitioner would not be inconvenienced by having to try his case on breach of contract, and (3) the claim of fraud would be barred by the statute of limitations, since there was no newly discovered evidence which was not available when the original complaint was filed, and (4) the filing of the amendment was unduly delayed.

Both briefs in this cause make use of the recent case from this court, Ex Parte Miller, 292 Ala. 554, 297 So.2d 802 (1974). In that case, the plaintiff wanted to amend his complaint to add two additional defendants in an action for wrongful arrest and imprisonment. The amendment was offered six months after the original complaint was filed and, of course, involved no new issues at trial. Mr. Justice Coleman concluded that the remedy of appeal would not be adequate because it would put the plaintiff to the expense of a second trial, assuming he was successful on his appeal from a final judgment in the first trial. This would have amounted to an undue injury in an effort to simply amend a complaint. Mandamus was granted conditionally in *Miller* for that reason. However, in that opinion, it was pointed out that mandamus will not always be the proper reemdy for reviewing a disallowance of an amendment to pleadings:

"It is not to be assumed or understood, however, that mandamus will be allowed as a method of reviewing all rulings denying the right to amend a complaint or other pleading. In accord with the weight of authority and sound reasoning, it may well be that review of the great majority of rulings allowing or disallowing amendments will be only by appeal."

 Rule 15 and the Committee Comments have been aptly stated in *Miller* and there is no need to reiterate them in this opinion. We simply state here that if Rule 15 is to be of any benefit to the bench, bar,

and the public, the trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. We state also that Rule 15 must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.

In looking at this case we must weigh the prejudice to the defendant Blue Cross against the possibility that the petitioner will have to go through a second trial. The evidence upon which the defense on the policy would rest consists of the policy itself and its language, medical testimony concerning pre-existing illness. In the case of fraud and misrepresentation, the defendant would have tried to find all the people who processed petitioner's application three years ago, or had anything to do with it.

The petitioner has had a long history of delays and continuances in this case. He proceeded on the original complaint for over two years. The petitioner states that:

"In or about August or September 1973, certain facts began to surface which Petitioner felt could amount to fraud on the part of the Defendant. This situation is reflected by testimony on pages 34–36 of Defendant's deposition of Eston H. Stead, Jr., taken on April 1, 1974."

A reading of that testimony does not indicate any evidence of fraud on the part of the company. In fact, according to the respondent's brief there was no evidence that Stead ever talked to anyone from Blue Cross before he took out the policy. This amendment was offered just before a third setting of trial. All of the fraud facts were available at the time the original complaint was filed or certainly within one year after it was filed. While the trial judge does not give reasons for overruling the motion, these things were no doubt considered in the exercise of his discretion.

Petitioner says that he would be irreparably injured by taking an appeal in this question and possibly be faced with a second trial. That alone is no reason, because that is a possibility every time appeal, rather than mandamus, is pursued. Justice Coleman indicates that it is contemplated that the majority of these cases will be decided by appeal, which involves the possibility of a second trial. This case is clearly distinguishable from Miller because there the plaintiff would have had to proceed on the identical theory in both trials, but against different defendants. Here, the second trial, if it came to pass, would involve a different theory and different evidence, albeit the same parties would be involved. In light of these circumstances and this court's reluctance to use this writ save for those instances where there is no other adequate remedy, the rule nisi is quashed and the petition for writ of mandamus is denied.

Rule nisi quashed and petition for writ of mandamus denied.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.