This is a workmen's compensation case.
The Circuit Court of Calhoun County, after an ore tenus
hearing, found the employee's claim to be barred by the statute of limitations. The employee appeals and we affirm.
The employee raises several unrelated issues and we will deal with the issues, which are dispositive, as presented.
 I
The employee amended her complaint on several occasions. In the employee's fourth amended complaint she alleged that fraud committed by the employer caused her failure to file her claim within the prescribed time. The employee demanded a jury trial on this issue.
The employee contends the trial court erred in failing to allow a jury to decide the issue of fraud. We find no merit in this contention. *Page 1051 
Workmen's compensation is a creature of statute. See, Slaglev. Reynolds Metals Co., Ala., 344 So.2d 1216 (1977); Boatrightv. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500 (1965). The workmen's compensation statutes create rights, remedies, and procedures all their own. Gilmore v. Rust Engineering Co.,45 Ala. App. 626, 235 So.2d 673 (1970), cert. quashed, 289 Ala. 46, 265 So.2d 591 (1972). Our statute, § 25-5-1 et seq., Code of Ala. 1975, contains no provision for a jury other than §25-5-81 (a)(2). Under § 25-5-81 (a)(2), a jury trial may be had when willful misconduct on the part of the employee is set up by the employer. In the instant case there is no allegation of willful misconduct on the part of the employee. In short, the statute does not provide for a jury in this case.
In view of the above, we find that the trial court did not err in failing to allow a jury to decide the issue of fraud.
 II
The employee next contends the trial court erred in allowing the employer to amend its answer to include the statute of limitations defense.
Rule 15 (a), ARCP, expressly provides that amendments should be freely allowed when justice so requires. Stead v. BlueCross-Blue Shield, 294 Ala. 3, 310 So.2d 469 (1975). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar the amendment.Bracy v. Sippial Electric Co., Inc., Ala., 379 So.2d 582
(1980).
We find nothing in the record to indicate that the employer's amendment caused actual prejudice to the employee or that it caused undue delay. We would also note that both parties amended their pleadings; the employee doing so numerous times. We cannot say that the trial judge abused his discretion in allowing the employer to amend its answer to include the statute of limitations defense. We find no error.
 III
The employee's final contention is that the trial court erred in failing to find that the statute of limitations was not a defense due to the employer's fraud. Put another way, the employee contends the employer's fraud prevents the statute of limitations from being applicable.
In a workmen's compensation case, if there is any legal evidence to support the trial court's findings, those findings will not be disturbed on appeal. Barfield v. General Steel TankCo., Ala.Civ.App., 370 So.2d 1005, writ denied, Ala.,370 So.2d 1008 (1979); 19A Ala. Digest, Workmen's Compensation Key 1940.
The record before us consists of an agreed statement of facts submitted pursuant to Rule 10 (e), ARAP.
The agreed statement reveals the following facts: The employee worked for the employer for approximately six years, from September, 1972, to June 27, 1978. This action was filed on August 8, 1979.
During the course of her employment the employee developed a skin rash which was caused by an allergic reaction to certain materials used in her work.
The employer referred the employee to several physicians for treatment of her condition. However, only one of these physicians has treated the employee since 1976. The employer paid for all medical treatments through March, 1979. Both the employee and the employer were advised that the skin condition was work related.
The physician who treated the employee since 1976, a dermatologist whose offices were located in another city, testified to the effect that he knew that the employee's condition was permanent. He also testified that he did not advise either the employee or the employer of this fact.
The employee contends that the employer was aware of the permanent nature of her condition and that the employer concealed this fact from her and, therefore, the employer is guilty of the requisite fraud. *Page 1052 
In order to establish fraudulent concealment for the purpose of tolling the relevant statute of limitations, the employee must prove, among other things, that the employer had knowledge of facts concerning the condition of the employee, and that the employer knew, or should have known, that the employee was ignorant of those facts. Belser v. American Cast Iron Pipe Co.,Inc., Ala.Civ.App., 356 So.2d 659 (1978). Without such knowledge on the part of the employer there can be no fraudulent concealment.
The evidence regarding the above is not a paragon of clarity. There is however evidence indicating that the employer did not know of the permanent nature of the employee's condition. Specifically, the record discloses that only the physician knew the permanent nature of the employee's condition, and that he did not tell the employer. The record before this court is completely void of any evidence that the treating physician was a member of the medical staff of the employer or otherwise permanently associated with the employer. The only evidence regarding the relationship of the physician to the employer is the agreed fact that the employee "was referred by [the employer] to [the physician] (apparently by the company nurse)." Put another way, there is absolutely no evidence before this court indicating that the employer was aware of the alleged concealed fact, or that the relationship of the employer with the physician was such as to charge the employer with the physician's knowledge.
Under these facts this court cannot reverse the decision of the trial court that the employer did not commit such fraud as to toll the statute of limitations. See, Sloss-Sheffield Steel Iron Co. v. Foote, 229 Ala. 189, 155 So. 629 (1934). As indicated, this is so, at least in part, because there is evidence to support a finding that the employer did not know of the permanent nature of the employee's condition.
We would note that what we have said should not be interpreted as stating that even if the employer had known, in this instance, of the permanent nature of the injury, the requisite fraud would have been present. We have simply attempted to answer the employee's contention as raised on appeal.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.