EMBRY, Justice
(dissenting):
I would not reverse the trial court for disallowing amendment of plaintiff’s complaint. The error in the reasoning of the majority can be found in the last sentence of the first quote from the trial court’s findings of fact:
“... The Defendant was a new builder in the Demopólis area and did not have specific knowledge of the type soil in that area.”
The correctness of the trial court’s ruling is further illustrated by what the proffered amendment was designed to accomplish. In the colloquy between plaintiff’s attorney, Mr. Boggs, and the trial court we find:
“MR. BOGGS: All right, sir. I amend it in open court, Your Honor, to meet the evidence that Mr. Johnson did not conform to the plans and the specifications and the requirements of the Federal Housing Administration in building this house.”
As pointed out by the majority, the trial court held the dwelling was built in substantial compliance with approved plans and specifications (FHA).
*989 The majority cites Record Data Int’l, Inc., which quotes from Stead. In the latter case, this court, in the same paragraph quoted in the majority opinion, went on to state:
“... But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.”
294 Ala. at p. 6, 310 So.2d 469.