We are asked to review several issues here. They are: whether the failure to plead an affirmative defense precludes the party from raising it at the trial; whether it is necessary for a party to produce evidence of the amount of attorney's fees incurred in collecting a promissory note when the note contains a provision specifying the amount of attorney's fees to be paid in the event of a default; and whether a Rule 60 (a), ARCP, motion is the appropriate means for correcting a mistake in the name of a party after the trial court has rendered its judgment. We affirm conditionally, because the attorney's fees allowed were excessive.
This action commenced in May 1980, when Combustion Resources Energy, Inc., appellee here, filed a complaint against Charles R. Smith and Mineral Land Mining Consultants, Inc. (Mineral Land Mining), on a promissory note in the amount of $50,000 allegedly executed by Smith and guaranteed by Mineral Land 
Mining. Both Smith, appellant here, and Mineral Land Mining, which upon the conclusion of the case was struck as a party, filed a motion to dismiss on June 4, 1980, asserting as grounds that the complaint failed to state a claim upon which relief could be granted. The trial court overruled the motion on July 3, 1980, and allowed Smith and Mineral Land Mining ten days in which to answer or file further pleadings.
After several continuances, the case was set for trial, and heard ore tenus, on March 29, 1982. At the trial, prior to hearing the evidence, the trial judge asked the defendant's attorney whether a written answer to the complaint had been filed and counsel responded that no answer had been filed. The defendant's attorney requested permission to orally plead the general issue and lack of consideration as defenses to the action, but only the plea of general issue was allowed by the trial court.
On April 2, 1982, the trial court entered a judgment in favor of Combustion Resources and against Smith in the amount of $69,062.50. Smith filed a motion for a new trial on April 30, 1982, which was subsequently amended and set for hearing on July 22, 1982, and thereafter denied on August 3, 1982. Combustion Resources filed a motion under Rule 60 (a), ARCP, requesting that the trial court change the name of the plaintiff from Combustion Resources Energy, Inc., to Combustion Resources Engineering, Inc., on the grounds that the abbreviation of "Eng." had been misinterpreted by Combustion Resources' attorney. The Rule 60 (a) motion was granted by the trial court on September 10, 1982, and the plaintiff's name was subsequently changed. Smith appeals from the trial court's final decree, the denial of his post trial motion, and the granting of Combustion Resources' Rule 60 (a) motion.
 I
As to the first issue, appellant argues that the order of the trial court refusing to allow appellant to plead an affirmative defense of lack of consideration at the time of the trial, when no original answer had been *Page 1251 
filed and no default had been entered, cannot be sustained. Rule 8 (c), ARCP, reads as follows:
 "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."
A lack of consideration is clearly denominated as an affirmative defense; consequently it is required to be specially pleaded under Rule 8 (c). See Nash v. Vann,390 So.2d 301, 303 (Ala.Civ.App. 1980). Under the Federal Rules of Civil Procedure, after which our rules are modeled, the consequences of a party's failure to plead an affirmative defense have been explained as follows:
 "If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged, or unless an amendment to set forth the affirmative defense is properly made."
2A J. Moore, Federal Practice § 8.27[3] at 8-251 (2d Ed. 1948).See Funding Systems Leasing Corporation v. Pugh, 530 F.2d 91
(5th Cir. 1976). The record shows that during the examination of the first witness, the following occurred:
 "Q This note is made to . . . well, let me offer it first. I'll offer it as Plaintiff's Exhibit A.
 "THE COURT: Mr. Brooks, have you filed an answer in this case?
 "MR. SCRUGGS: Just a general issue is all I know of.
"THE COURT: Have you filed an answer in writing?
"MR. BROOKS: No, sir.
 "THE COURT: Let the record reflect that no written answer has been filed in the case. The defendant's attorney advises the Court his only answer and defense is the general issue.
"MR. BROOKS: And lack of consideration.
 "MR. SCRUGGS: Lack of consideration would be a special defense. We object to any additional plea other than the general issue.
 "THE COURT: Normally, a plea of lack of consideration would be a special plea.
"MR. BROOKS: I thought an answer had been filed.
 "THE COURT: Mr. Scruggs is entitled to know the defense. Have you offered this into evidence?
 "MR. SCRUGGS: I'm now offering Plaintiff's Exhibit A into evidence.
 "THE COURT: Mr. Scruggs, are you going to raise any objection to any special defense?
 "MR. SCRUGGS: Yes, sir. The only thing I was aware of — by lack of answer — was the general issue.
"THE COURT: All right, I'll sustain it."
The appellant made no attempt to raise the affirmative defense by amendment. His only reference to "lack of consideration" was stated during the colloquy quoted above. The case proceeded to trial on the general issue. We note that counsel for appellee did not object to going to trial on the general issue, even though no formal answer had been filed by the appellant. We would further note that when the trial court dismissed the appellant's Rule 12 (b)(6) motion, the court allowed the appellant, as provided under Rule 12 (a), ARCP, ten days to file a responsive pleading. The appellant did not do so. The appellant filed no responsive pleading until the day the case was set for trial, when appellant orally asked to *Page 1252 
be allowed to plead the general issue and lack of consideration. We hold that the trial court did not abuse its discretion in refusing to allow "lack of consideration" to be pleaded as a defense.
 II
The appellant next asserts that the appellee is not entitled to collect an attorney's fee as a part of the judgment awarded by the trial court because no evidence was adduced to show the amount of the attorney's fee or that an attorney's fee was ever incurred by the appellee. The law in Alabama, however, is clearly to the contrary in cases in which a specified amount is to be paid as attorney's fees in the event of default and collection. In Vinyard v. Republic Iron Steel Co., 205 Ala. 269,87 So. 552 (1921), this Court opined:
 "`And so, too, it is competent for the contracting parties not only to stipulate for a reasonable attorney's fee to be paid by the maker of a note in the event of the collection after default by an attorney, but to fix the amount of the reasonableness of such fee. This proposition is clearly recognized in the cases of Wood Bros. v. Winship Mach. Co., 83 Ala. 424 [3 So. 757], and Ledbetter v. Vinton, 108 Ala. 644 [18 So. 692].' Stephenson v. Allison, 123 Ala. 439, 450, 26 So. 290, 293.
 "The clear holding of those cases is that, where the parties themselves fix the amount of the fee to be paid, it will be presumed, at least prima facie, that it is reasonable in amount, and that the appearance of counsel of record for the obligee establishes the liability of the obligor to pay the fee as a matter of law, without proof thereof. The trial court properly included in the judgment the amounts claimed as attorney's fees, as ascertained and shown by the contract of lease."
205 Ala. at 273, 87 So. at 555.
The promissory note made the basis of this suit contains, as set forth in appellee's brief, the following provision regarding attorney's fees and costs:
 "They agree to pay all costs of collection or securing, or attempting to collect or secure, this note, including reasonable attorney's fees of 15 percent of the unpaid debt where the original amount loaned exceeded $300.00."
The note, as previously stated, was in the amount of $50,000, but provided for no interest; however, it did provide for a late charge of 5% in addition to the 15% attorney's fee.
After considering the evidence, the trial court entered a judgment in favor of the appellee for the sum of $69,062.50. Although the judgment did not give a breakdown of this amount, clearly $50,000 of the sum represents the principal of the note. Assuming the trial court awarded a 5% late charge, which amounts to $2,500 on the amount of the principal sum, a balance of $16,526.50 remains. Since there was some testimony contained in the record by a witness who was an attorney, to the effect, that 33% of the principal was a reasonable fee in this type action, we assume that this remaining sum, which is approximately one-third of the principal sum, represents the attorney's fee awarded by the trial court. An attorney's fee of 15% as specified by the terms of the promissory note would amount, however, to only $7,500 in this instance.
In their brief, the appellees note that:
 "The trial court was in error to grant attorney's fees in excess of the 15% as provided in the promissory note. This is not reversible error, however, since the trial court did not concern the propriety of granting attorneys' fees, but rather the amount of attorneys' fees granted. Accordingly, the error may be corrected by reducing the amount of attorney's fees awarded to 15% of the unpaid debt (i.e., $7,500.00)."
We agree with the appellant that the trial court erred as to the amount of the attorney's fees awarded which exceed 15% of the principal of the note, but not as to the propriety of granting attorney's fees as provided by one of the terms of the promissory note agreed to by the appellant. A remittitur, *Page 1253 
therefore, of that amount of the judgment for attorney's fees in excess of 15% of the unpaid principal is in order.
 III
The final issue presented for the Court's review concerns the granting by the trial court of the appellee's rule 60 (a), ARCP, post-trial motion requesting that the appellee's name be changed from Combustion Resources Energy, Inc. to Combustion Resources Engineering, Inc. Appellee's 60 (a) motion, reads, in part, as follows:
 "Comes now the Plaintiff in the above styled cause and moves this Honorable Court to grant it relief under Rule 60 (a) of the Alabama Rules of Civil Procedure to change the name of the Plaintiff from Combustion Resources Energy, Inc. to Combustion Resources Engineering, Inc.
 "The clerical error was made by the undersigned attorney in the record [due] to the fact that the Plaintiff corporation, which is one and the same, used an abbreviation for Engineering and the abbreviation was interpreted as the abbreviation for Energy."
Rule 60 (a), ARCP, reads in pertinent part, as follows:
 "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."
Appellant asserts that for a mistake to qualify as a clerical error it must be a mistake in transcription or mechanical in nature and it must be apparent from a review of the record. The fact that the trial court found it necessary to hear proof in order to conclude that a mistake had been made, appellant maintains, sufficiently demonstrates that no such mistake was apparent on the face of the record. Next, appellant asserts that Rule 60 (a) is designed to correct only those errors accidental in nature and not deliberately made. The appellant argues, in this regard, that appellee admits in its 60 (a) motion that it intended to file suit in the name as it originally appeared; therefore, appellant says this was not a clerical mistake.
While this Court has not previously been asked to review a case containing this particular issue, we have ruled that the term "clerical error" is not limited to errors by the clerk in transcription. It can include errors by others, such as a jury foreman, counsel, a party or the judge himself. Continental OilCo. v. Williams, 370 So.2d 953, 954 (Ala. 1979). Some courts have construed Rule 60 (a) as appropriate for application despite the use of proof outside the record, where the correction sought is of a formal matter in the judgment, order or other part of the record that was plainly wrong as a result of a clerical mistake or an error of oversight or omission. Annot., 13 A.L.R. Fed. 794 (1972). See also J. Moore, Federal Practice § 60.06 (3) at 4057 (2d Ed. 1948). In Anderson v.Brady, 6 F.R.D. 587 (E.D.Ky. 1947), for example, the judgment was against the executor of a decedent's estate in the name of "Commercial Bank," but the court permitted an amendment to correct the name of the bank, which was shown to be "Commercial Deposit Bank," pointing out, in answer to the bank's argument that the misnomer was a matter of substance and not of form, that no one was misled or deceived, that the proper party was actually served with process, that the bank, even though not correctly named, was the only executor of the decedent, and that his estate owed the amount claimed against it, and concluding that Rule 60 (a) authorized correction at any time of clerical mistakes in judgments and errors arising therein from oversight or omission.
After reviewing the record and facts of this case, we conclude the trial court's action under Rule 60 (a), as requested by the appellee, was proper. The facts were sufficient for the trial court to have concluded *Page 1254 
that counsel for the appellee improperly construed the abbreviation "Eng." and that the error was a matter of form and not substance. Likewise, we believe the trial court could have concluded from the facts that the appellant was not misled, deceived or otherwise prejudiced by the oversight of appellee's counsel.
 IV
Based on the foregoing we, therefore, require a remittitur of the amount originally awarded by the trial court as attorney's fees in excess of 15% of the principal sum, as a condition to affirmance of the order denying the appellant's motion for new trial. In the event the appellee declines to file the required remittitur with the clerk of this Court within twenty-one days from the date of this opinion, the judgment will be reversed and the case remanded for new trial. Otherwise, the judgment as corrected on remittitur will be affirmed.
AFFIRMED CONDITIONALLY.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.