This is a warranty action initiated on September 4, 1980, by appellant, Paul Piersol, in the Circuit Court of Jackson County for personal injuries sustained by him on January 13, 1977, while operating a rotary hammer manufactured by appellee, ITT Phillips Drill Division, Inc. (hereinafter ITT). The circuit court concluded that the action was barred by the four-year statute of limitations in § 7-2-725, Code 1975, and granted ITT's motion for summary judgment.
The two issues raised on this appeal are as follows:
 1. Whether the trial court properly allowed ITT to amend its original answer by adding the affirmative defense that the action was barred by the four-year statute of limitations?
 2. Whether the trial court committed reversible error in granting ITT's motion for summary judgment?
We conclude that the trial court correctly permitted ITT to amend its answer, but erred in granting the motion for summary judgment because there exists a genuine issue of material fact concerning the date of delivery of the rotary hammer and the initiation of the running of the statute of limitations.
The relevant facts in this case are as follows:
On or about January 13, 1977, appellant was employed by the Tennessee Valley Authority at the Bellefonte Nuclear Project in Hollywood, Alabama. At that time and place, appellant was operating a Redhead Rotary Hammer, Standard 747 drill manufactured by ITT. Appellant contends that the drill malfunctioned, causing him to be thrown from a ladder and to sustain personal injuries. In his complaint, appellant alleged, among other things, that ITT breached implied warranties concerning the design, manufacture, distribution, or sale of the drill.
On April 5, 1982, nineteen months after the initiation of the action, ITT filed a motion for summary judgment, alleging that it was entitled to a judgment as a matter of law by virtue of the four-year statute of limitations in § 7-2-725, Code 1975. Thereafter, on July 28, 1982, ITT filed an amended answer, which, for the first time in a pleading, raised the four-year statute of limitations as an affirmative defense. On August 9, 1982, appellant filed a motion to strike ITT's amended answer, contending that ITT had waived the right to assert the affirmative defense by failing to plead it in either its original answer or motion to dismiss.
In support of its motion for summary judgment, ITT attached the affidavit of Fred Primo, construction management assistant for the Tennessee Valley Authority. Primo indicated that "TVA purchased 18 of these 747 drills in December of 1974, and that the 18 drills . . . are the only drills of *Page 561 
this type which have been purchased by TVA or used by Bellefonte prior to Paul Piersol's injuries in 1977." In his deposition, taken September 9, 1981, appellant testified that on the date of the occurrence made the basis of this lawsuit, he checked out the drill involved, which was in a partially sealed package. He further testified that he was the first person to use the drill, and that the drill was "brand new."
 I.
The trial court opined, and we agree, that where no actual prejudice to the opposing party is shown, and no undue delay is demonstrated, a court may permit the amendment of the answer to include a defense of the running of the period of the statute of limitations, though Rule 8 (c) of the Alabama Rules of Civil Procedure requires such a defense to be pleaded as an affirmative defense. Freeman v. Blue Mountain Industries,395 So.2d 1049, 1051 (Ala.Civ.App. 1981). Accord, Winn-DixieMontgomery, Inc. v. Bryant, 421 So.2d 1254, 1257 (Ala. 1982). Finding no undue delay or actual prejudice, the trial court allowed ITT's amendment to its answer. We think the allowance was properly within the sound discretion of the trial judge.Winn-Dixie Montgomery, Inc. v. Bryant, 421 So.2d at 1257. See,Crescent Transit, Inc. v. Varnes, 399 So.2d 233, 235 (Ala. 1981), commenting on Rule 15 (a), A.R.Civ.P.
 II.
Having determined that the affirmative defense of the statute of limitations has been raised appropriately by ITT, we now address the correctness of the grant of summary judgment based on that defense. The question before the court is whether there is a genuine issue of material fact as to the date of delivery of the drill that allegedly caused appellant's injuries. The date of delivery is significant, because it is delivery of the equipment that activates the running of the four-year limitations period.
Having carefully studied the record of this case, we think that appellant's deposition testimony, synopsized above, establishes a doubt concerning the time of the delivery of thedrill in question. Though Fred Primo's testimony creates a strong inference that the drill which caused appellant's injuries was among those drills purchased by ITT in 1974, appellant's testimony unquestionably contains the scintilla of evidence in contradiction thereto that makes the time of delivery a genuine issue of material fact. Bon SecourFisheries, Inc. v. Barrentine, 408 So.2d 490, 491 (Ala. 1981) (Torbert, C.J., concurring specially); Watkins v. St. Paul Fire Marine Insurance Co., 376 So.2d 660, 662 (Ala. 1979).
For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.