On March 19, 1982, Sherrell Bechtel filed suit in circuit court for injuries received at a gasoline service station owned by Crown Central Petroleum Corporation (Crown). Named as defendants were Crown and four individuals. Crown answered, pleading the general issue and raising eight affirmative defenses, but did not raise the issue of statutory immunity under Code 1975, § 25-5-53, the Workmen's Compensation Act. On January 19, 1983, Crown filed a motion for summary judgment, raising for the first time the defense of statutory employer immunity. Bechtel immediately filed a motion to strike the defense and a motion for a continuance, on the ground, among others, that statutory immunity is an affirmative defense which must be raised in the pleadings.
Summary judgment was rendered in favor of Crown on July 1, 1983. The court found that an employer-employee relationship existed between Crown and Bechtel as a matter of law, rendering Crown immune from suit under the Workmen's Compensation Act. That judgment was made final pursuant to Rule 54 (b), A.R.Civ.P., and this appeal followed.
The parties argue the following issues on appeal:
 1. Is Crown estopped from claiming to be Bechtel's employer for purposes of this suit?
 2. Did the trial court err in granting summary judgment based on an affirmative defense which was never raised in the pleadings?
 (a) Is the defense of statutory immunity an affirmative defense in Alabama?
 3. Are there genuine issues of material fact before the court so as to preclude the granting of Crown's motion for summary judgment?
We do not answer the first question, as it is not properly before us. Because we must reverse and remand on the basis of our answer to the second issue, we decline to reach the evidentiary question.
The record of this case shows that Bechtel signed an employment contract with PEP Services, Inc. (PEP), which describes itself in the introduction to its Station Manual as "a nationwide petroleum service company specializing in contract staffing services for the petroleum marketing industry." PEP, in turn, had a contract with Crown pursuant to which PEP supplied workers for Crown's service stations. Bechtel was working at one of Crown's stations at the time of her injury. Bechtel's salary was paid by PEP, which was the defendant in Bechtel's workmen's compensation claim. The documentation of that claim in circuit court described Bechtel and PEP as the sole parties interested in the claim.
Bechtel argues in her brief that both the contract between Bechtel and PEP and the one between PEP and Crown clearly show that Bechtel was an employee of PEP. In addition, she claims that a spokesman for Crown has, in other litigation involving his employer, denied that attendants working at Crown stations through PEP contracts were employees of Crown. She says that, because of these facts, Crown should be estopped from claiming now, to avoid civil liability, that it is her employer. *Page 795 
We are unable to consider the question of estoppel, because the record before us fails to reveal that the issue was ever raised in the trial court. See City of Rainbow City v. Ramsey,417 So.2d 172 (Ala. 1982). Bechtel states that estoppel was raised in oral argument at the hearing on the motion for summary judgment. However, no transcription of that hearing is included in the record. This court is limited to a review of the record alone and the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel. Green v.Standard Fire Insurance Co. of Alabama, 398 So.2d 671 (Ala. 1981); Cooper v. Adams, 295 Ala. 58, 322 So.2d 706 (1975).
We must now decide if the procedure by which the defense of statutory employer immunity was raised is permissible under Rule 8 (c), A.R.Civ.P. That rule states, in part:
 (c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. [Emphasis added.]
An affirmative defense is defined as "new matter which, assuming the complaint to be true, constitutes a defense to it." Black's Law Dictionary (rev. 5th ed. 1979). This court has not specifically addressed the question whether the defense that the defendant is the employer of the plaintiff, and thereby protected from a suit of this nature by Code 1975, §25-5-53, is an affirmative defense. However, in other jurisdictions it has been held to be so. See, e.g., Freeman v.Chevron Oil Company, 517 F.2d 201 (5th Cir. 1975); Seal v.Industrial Electric Co., 362 F.2d 788 (5th Cir. 1966);Duplechin v. Pittsburgh Plate Glass Co., 265 So.2d 787
(La.Ct.App. 1972). Certainly, such a defense falls within the definition quoted above. Therefore, we hold that the defense of statutory employer immunity is an affirmative defense in Alabama, and is subject to the pleading requirements of Rule 8 (c) and the case law regarding such a defense.
Crown correctly points out that it is within the court's discretion to allow the defendant to raise an affirmative defense after the initial answer to the complaint. In support of this proposition it quotes from Freeman v. Blue MountainIndustries, 395 So.2d 1049 (Ala.Civ.App. 1981):
 Rule 15 (a), ARCP, expressly provides that amendments should be freely allowed when justice so requires. Stead v. Blue Cross-Blue Shield, 294 Ala. 3, 310 So.2d 469 (1975). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar the amendment. Bracy v. Sippial Electric Co., Inc., Ala. 379 So.2d 582 (1980).
395 So.2d at 1050.
The weakness in Crown's argument is that both Freeman and Rule 15 (a) pertain to the amendment of pleadings. If Crown had attempted to amend its answer to raise the defense, the discretion of the trial court would have been invoked, and the burden would have been upon Bechtel to show that such amendment would cause actual prejudice or undue delay. This court has recently allowed a defendant to amend his answer in order to raise an affirmative defense after the defendant had filed a motion for summary judgment based on the defense. Piersol v.ITT Drill Division, Inc., 445 So.2d 559 (Ala. 1984). However, Rule 8 (c) requires that in pleading, a party "shall set forth affirmatively" any matter constituting an affirmative defense. In Piersol, the defendant, after answering the complaint, filed a motion for summary judgment, alleging that he was entitled to such a judgment based on the applicable statute of limitations. Some four months later, but before the court had ruled on the motion, the defendant filed an amended *Page 796 
answer in order to raise the defense of the statute of limitations.
In the case before us, five weeks lapsed between the filing of the motion for summary judgment and the court's hearing on the motion. There is no indication that Crown attempted to amend its answer during that time, or thereafter, although Bechtel had filed a "Motion to Strike Affirmative Defense" within one week after the summary judgment motion was filed.
The language of Rule 8 (c) is mandatory. This court has held:
 [An affirmative defense] is required to be specially pleaded under Rule 8 (c). See Nash v. Vann, 390 So.2d 301, 303 (Ala.Civ.App. 1980). Under the Federal Rules of Civil Procedure, after which our rules are modeled, the consequences of a party's failure to plead an affirmative defense have been explained as follows:
 "If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged, or unless an amendment to set forth the affirmative defense is properly made."
 2A J. Moore, Federal Practice § 8.27[3] at 8-251 (2d Ed. 1948). See Funding Systems LeasingCorporation v. Pugh, 530 F.2d 91 (5th Cir. 1976).
Smith v. Combustion Resources Engineering, 431 So.2d 1249 (Ala. 1983). See, also, Columbia Engineering International, Ltd. v.Espey, 429 So.2d 955 (Ala. 1983).
It is clear that Bechtel made timely objection to the reliance on the affirmative defense in the motion for summary judgment, and equally clear that an amendment to the pleading to set forth the defense was not made. For this reason, the court erred in granting the summary judgment based on the defense.
Because of the posture of the case, we do not find it appropriate at this time to discuss the evidentiary question. Likewise, we do not intend by our decision to intimate an opinion as to whether the trial judge should, in the exercise of his discretion, allow the defendant's pleading to be amended following remand.
The judgment of the trial court is due to be, and it hereby is, reversed and the case remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.