463 So.2d 135 (1984)
Ruth WALLACE
v.
ALABAMA ASSOCIATION OF CLASSIFIED SCHOOL EMPLOYEES; and John Smith.
83-717.
Supreme Court of Alabama.
November 30, 1984.
Rehearing Denied January 25, 1985.
*136 Ronnie L. Williams, Mobile, for appellant.
Al Pennington and Nicki E. Patterson, Mobile, for appellee.
JONES, Justice.
This is an appeal from a summary judgment. The facts are as follows:
Plaintiff Ruth Wallace filed a complaint in the Circuit Court of Mobile County, Alabama, naming the Alabama Association of Classified School Employees (AACSE) and its executive director, John Smith, as Defendants. Wallace alleged that she was a food service employee at Archard Elementary School; that she was a member of the AACSE, an association which provides its members with legal assistance when they are fired from their jobs or have other employment problems; and that when she was fired from her job, Plaintiff contacted AACSE and requested legal assistance, which the association did not provide. Plaintiff's complaint then alleged breach of contract and bad faith. Defendants filed an answer denying Plaintiff's allegations of breach of contract and bad faith and responded to a set of interrogatories before moving for summary judgment. The motion for summary judgment alleged that there was no genuine issue of material fact and that Plaintiff's action was time barred by a federal statute of limitations. The trial court granted Defendants' summary judgment motion. Plaintiff now appeals. We affirm the trial court's summary judgment.

OPINION

A. The Affirmative Defense
Plaintiff first argues that the trial court was not at liberty to consider Defendants' allegations in their summary judgment motion that the statute of limitations had run on Plaintiff's cause of action. The basis for this argument is that the statute of limitations is an affirmative defense which must be affirmatively pleaded before it may be raised in a summary judgment motion, and Defendants did not plead it.
In the context here presented, Plaintiff is correct. The statute of limitations is specifically listed as an affirmative defense in A.R.Civ.P. 8(c); and the rule requires that it be specially pleaded. Once an answer is filed, if an affirmative defense is not pleaded, it is waived. Robinson v. Morris, 352 So.2d 1355, 1357 (Ala.1977). The defense may be revived if the adverse party offers no objection (Bechtel v. Crown Petroleum Corp., 451 So.2d 793, 796 (Ala. 1984)); or if the party who should have pleaded it is allowed to amend his pleading *137 (Piersol v. ITT Drill Division, Inc., 445 So.2d 559, 561 (Ala.1984)); or if the defense appears on the face of the complaint (cf., Sims v. Lewis, 374 So.2d 298, 302 (Ala. 1979); and Williams v. McMillan, 352 So.2d 1347, 1349 (Ala.1977)). See, also, 2A J. Moore, Federal Practice § 8.27[3] at 8-251 (3d ed.1984). But, specifically, a defendant "cannot revive [the waived affirmative defense] in a memorandum in support of a motion for summary judgment." Funding Systems Leasing Corp. v. Pugh, 530 F.2d 91, 96 (5th Cir.1976). To be sure, if a defendant moves for summary judgment before he files an answer, the court may recognize an affirmative defense argued in support of the summary judgment motion because, in that instance, it has not been waived. Id.
That, however, is not the instant case. Here, Defendants filed an answer without an affirmative pleading of the statute of limitations defense; and, then, over Plaintiff's objections, Defendants attempted to raise the defense in their summary judgment motion. This they cannot do. Bechtel, supra.
If the statute of limitations was the basis for the trial court's granting of Defendants' summary judgment, we would have to reverse. There is, however, an additional ground on which the trial court could have granted Defendants' motion for summary judgment: that there is no genuine issue of material fact. It is a cardinal rule of appellate review that where the trial judge's ruling is based on no specific ground, his judgment must be sustained on appeal if any good ground is presented. Sterling Oil of Oklahoma, Inc. v. Pack, 291 Ala. 727, 747, 287 So.2d 847, 864 (1973).

B. Genuine Issue of Material Fact
We now examine the record to test the "no genuine issue of material fact" ground. Plaintiff averred in her complaint that AACSE provided legal assistance to its members, that she was a member of AACSE, that she had requested legal assistance, and that she did not receive legal assistance from it. All was well and good for the Plaintiff at this point. But, then, in response to one of Plaintiff's interrogatories, Defendants answered that Plaintiff had never requested legal assistance. Once Defendants moved for summary judgment and included the answers to Plaintiff's interrogatories in support of their motion,[1] Plaintiff could no longer rest on the allegations of her complaint. A.R. Civ.P. 56(e). Plaintiff did file a response to Defendants' motion, but nothing more, and a "paper showing" is not sufficient to raise a genuine issue of material fact.
Plaintiff's failure to offer anything other than a bare response to Defendants' motion was fatal, for "the failure of the party opposing the motion to offer any affidavits or other testimony to contradict the evidence of the moving party leaves the Court no alternative but to consider that evidence uncontroverted." Thompson v. Lee, 439 So.2d 113, 115 (Ala.1983). With uncontroverted testimony before it that Plaintiff had never requested a lawyer, the trial court correctly concluded that Plaintiff had stated no cause of action. Therefore, the trial court correctly granted summary judgment.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
NOTES
[1] Answers to interrogatories may be considered in a summary judgment motion as long as they are otherwise admissible and meet the requirements of Rule 56. J.B. Jones Timber Co. v. Williams, 357 So.2d 353, 354 (Ala.Civ.App.1978); A.R.Civ.P. 56(c); 10 Wright & Miller, Federal Practice & Procedure: Civil 2722 (1969).