CRAWLEY, Judge.
Jerry Daniels appeals from the summary judgment for Decatur Hotel Companies, doing business as Holiday Inn (“the hotel”). We reverse and remand.
On January 14, 2000, Daniels sued the hotel seeking compensatory and punitive damages based on the hotel’s alleged negligent and wanton conduct that caused him to be injured when the lights in the hotel went out. On February 3, 2000, the hotel filed an answer, which set forth the affirmative defenses of contributory negligence and assumption of risk. On October 24, 2001, the hotel filed a motion for a summary judgment with a supporting brief and exhibits. The hotel argued in its motion, in part, that it had no duty to warn Daniels of the darkness because it was an open and obvious condition.
On November 19, 2001, Daniels filed a motion objecting to the hotel’s setting out for the first time in its motion for a summary judgment the affirmative defense that the darkness constituted an open and obvious condition. On that same day, Daniels also filed a response to the hotel’s motion for a summary judgment with a supporting brief and exhibits. A hearing was conducted on the hotel’s motion on November 29, 2001. On January 9, 2002, the trial court entered an order concluding that the darkness was an open and obvious condition and entering a summary judgment for the hotel. On February 20, 2002, Daniels filed a notice of appeal to the supreme court. On April 1, 2002, this case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Daniels first argues that the trial court erred in entering a summary judgment for the hotel based on the open-and-obvious-condition defense when the hotel did not raise it until it filed its motion for a summary judgment. The argument that a condition is open and obvious is an affirmative defense and upon which the defendant has the ultimate burden of proof. See Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1194 (Ala.2002). Our review of the record shows that Daniels timely objected to the hotel’s raising this affirmative defense for the first time in its motion for a summary judgment and that the hotel never filed an amended answer to include the defense before the trial court’s hearing on its motion for a summary judgment.
Our supreme court addressed this very same factual scenario in Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala.1984). In Bechtel, the supreme court stated:
“Crown correctly points out that it is within the court’s discretion to allow the defendant to raise an affirmative defense after the initial answer to the complaint. In support of this proposition it quotes from Freeman v. Blue Mountain Industries, 395 So.2d 1049 (Ala.Civ.App.1981):
“ ‘Rule 15(a), [Ala. R. Civ. P.], expressly provides that amendments should be freely allowed when justice so requires. Stead v. Blue Cross-Blue Shield, 294 Ala. 3, 310 So.2d 469 (1975). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar the amendment. Bracy v. Sippial Electric Co., Inc., Ala. 379 So.2d 582 (1980).’
“395 So.2d at 1050.
“The weakness in Crown’s argument is that both Freeman and Rule 15(a) pertain to the amendment of pleadings. *240 If Crown had attempted to amend its answer to raise the defense, the discretion of the trial court would have been invoked, and the burden would have been upon Bechtel to show that such amendment would cause actual prejudice or undue delay. This court has recently allowed a defendant to amend his answer in order to raise an affirmative defense after the defendant had filed a motion for summary judgment based on the defense. Piersol v. ITT [Phillips] Drill Division, Inc., 445 So.2d 559 (Ala.1984). However, Rule 8(c) requires that in pleading, a party ‘shall set forth affirmatively’ any matter constituting an affirmative defense. In Piersol, the defendant, after answering the complaint, filed a motion for summary judgment, alleging that he was entitled to such a judgment based on the applicable statute of limitations. Some four months later, but before the court had ruled on the motion, the defendant filed an amended answer in order to raise the defense of the statute of limitations.
“In the case before us, five weeks lapsed between the filing of the motion for summary judgment and the court’s hearing on the motion. There is no indication that Crown attempted to amend its answer during that time, or thereafter, although Bechtel had filed a 'Motion to Strike Affirmative Defense’ within one week after the summary judgment motion was filed.
“The language of Rule 8(c) is mandatory. This court has held:
“ ‘[An affirmative defense] is required to be specially pleaded under Rule 8(c). See Nash v. Vann, 390 So.2d 301, 303 (Ala.Civ.App.1980). Under the Federal Rules of Civil Procedure, after which our rules are modeled, the consequences of a party’s failure to plead an affirmative defense have been explained as follows:
“ ‘ “If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged, or unless an amendment to set forth the affirmative defense is properly made.”
“ ‘2A J. Moore, Federal Practice § 8.27[3] at 8-251 (2d Ed.1948). See Funding Systems Leasing Corporation v. Pugh, 530 F.2d 91 (5th Cir.1976).’
“Smith v. Combustion Resources Engineering, 431 So.2d 1249 (Ala.1983). See, also, Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955 (Ala.1983).
“It is clear that Bechtel made timely objection to the reliance on the affirmative defense in the motion for summary judgment, and equally clear that an amendment to the pleading to set forth the defense was not made. For this reason, the court erred in granting the summary judgment based on the defense.
“Because of the posture of the case, we do not find it appropriate at this time to discuss the evidentiary question. Likewise, we do not intend by our decision to intimate an opinion as to whether the trial judge should, in the exercise of his discretion, allow the defendant’s pleading to be amended following remand.”
451 So.2d at 795-96.
We similarly find it necessary to reverse the summary judgment for the hotel and to remand this cause. Like the supreme court in Bechtel, supra, we also do not express an opinion as to whether the trial court should exercise its discretion to allow *241 the hotel to file an amended answer on remand.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.