MOORE, Judge.
Pepin Manufacturing, Inc. (“Pepin”), appeals from a judgment on partial findings entered by the Marshall Circuit Court (“the trial court”) in favor of ESwallow USA, LLC, William H. Ingram, and William R. Ingram (hereinafter referred to collectively as “the defendants”). We reverse.

Procedural History

On April 8, 2011, Pepin filed a complaint against the defendants alleging that “on or about January 14, 2010[, the defendants] executed and delivered to [Pepin] a Promissory Note whereby [the] Defendants promised to pay to [Pepin] within 90 days of [the] Defendants receiving 510(k) clearance to market their new Dysphasia power unit or September 30, 2010, whichever was first to occur[,] the sum of $20,839.50 with interest thereon at the rate of 8% simple interest per annum.” Pepin requested that the trial court enter a judgment in its favor for $20,839.50, plus interest, attorney’s fees, and costs. On May 17, 2011, the defendants answered the complaint. The defendants amended their answer on December 1, 2011. That same day, the defendants also filed a counterclaim against Pepin.
On October 21, 2014, the trial court conducted a bench trial. At the conclusion of the presentation of Pepin’s case, the defendants moved for a “directed verdict,” which was actually a motion for a judgment on partial findings. See Ragsdale v. Ragsdale, 991 So.2d 770, 771 (Ala.Civ.App.2008), and Rule 52(c), Ala. R. Civ. P. The trial court granted that motion, and the defendants withdrew their counterclaim. The trial court entered the judgment in favor of the defendants on October 22, 2014. On November 19, 2014, Pepin filed a postjudgment motion; the trial court denied that motion on January 8, 2015. Pepin filed its notice of appeal on February 18, 2015.

Discussion

On appeal, Pepin first argues that the trial court erred in granting the defendants’ objection to the introduction of a copy of the promissory note into evidence at the trial. The defendants objected to the copy being introduced in lieu of the original without a valid explanation as to why the original could not be produced.
“““The standard applicable to a review of a trial court’s rulings on the admission of evidence is determined by two fundamental principles. The first grants trial judges wide discretion to exclude or to admit evidence.’ ” Mock v. Allen, 783 So.2d 828, 835 (Ala.2000) (quoting Wal-Mart Stores, Inc. v. Thompson, 726 So.2d 651, 655 (Ala.1998))....
“ ‘ “ ‘The second principle “is that a judgment cannot be reversed on appeal for an error [in the improper admission of evidence] unless ... it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”’” Mock, 783 So.2d at 835 (quoting Wal-Mart Stores, 726 So.2d at 655, quoting in turn Atkins v. Lee, 603 So.2d 937, 941 (Ala.1992)). See also Ala. R.App. P. 45. “The burden of establishing that an erroneous rul *975 ing was prejudicial is on the appellant.” Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991).’
“Middleton v. Lightfoot, 885 So.2d 111, 113-14 (Ala.2003) (emphasis omitted).”
Wood v. Hayes, 104 So.3d 863, 870 (Ala.2012).
Rule 1003, Ala. R. Evid., provides: “A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.” Rule 1003 does not condition admissibility of a duplicate on whether the original is available.
In the present case, the defendants objected to • admission of the promissory note on-the general ground that it was a copy and not the original. The defendants did not raise any “genuine question ... as to the authenticity of the original” or otherwise assert that “in the circumstances it would be unfair to admit the duplicate in lieu of the original.” Rule 1003. In fact, both Jeff Solberg, who testified' that he is the president and “sole owner” of Pepin, and William H. Ingram, who testified that he is a “shareholder” of ESwallow, authenticated the copy of the promissory note. The trial court did not receive any evidence indicating that it would have been unfair to the defendants to admit the copy instead of the original.
Because the duplicate of the promissory note was admissible pursuant to Rule 1003, we conclude that the trial court exceeded its discretion by excluding it from being admitted into evidence."' The promissory note being 'the entire basis for Pepin’s case, we conclude that the error in failing to allow its admission was not harmless. It appears that the trial court granted the motion for a judgment on partial findings largely, if hot exclusively, on the absence of proof of the terms of the promissory note due to the exclusion of the copy submitted by Pepin. ¡
The defendants argue in their brief to this court that the judgment should be affirmed on the ground that there was no consideration for the promissory note as allegedly proven by certain exhibits introduced at trial, but not included in the record on appeal. This court will affirm a judgment if it was based on evidence considered by the trial court that has not been transmitted to this court, see Leeth v. Jim Walter Homes, Inc., 789 So.2d 243, 247 (Ala.Civ.App.2000); however, the trial court could not have based its judgment on the alleged lack of consideration for the promissory note, as the defendants argue. Lack of consideration is an affirmative defense that must be pleaded. Smith v. Combustion Res. Eng’g, Inc., 431 So.2d 1249 (Ala.1983). The defendants did not plead lack of consideration in their answer or in their amended answer. The parties also did not impliedly try that issue. See CVS/Caremark Corp. v. Washington, 121 So.3d 391, 398-99 (Ala.Civ.App.2013) (pleadings could not be amended to conform to the evidence under Rule 15(b), Ala. R, Civ. P., when introduction of evidence allegedly proving affirmative defense that' had not been included in the answer related to claims expressly pleaded by the parties so that plaintiff could not have been adequately apprised of injection of new defensé). Therefore, we cannot affirm the trial court’s judgment on thé alternative ground of lack of consideration. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (a judgment cannot be affirmed on an alternative ground that would violate a party’s right to due process).
Therefore, we reverse the judgment on partial findings and remand this cause for a new trial. Based on our disposition, we *976 pretermit discussion of Pepin’s remaining argument. See Morris v. Laster, 821 So.2d 923, 926 (Ala.2001).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.