PARKER, Justice.
Lynda Newman, individually and as personal representative of the estate of Oscar Newman, deceased, appeals the summary judgment entered by the Calhoun Circuit Court in favor of Michael D. Howard and Rhonda B. Howard.
Facts and Procedural History
This action concerns a piece of real property located in Calhoun County. The *1148 Howards owned the property in 2003 and in April 2003 mortgaged the property to secure a note. The mortgage was recorded with the Calhoun Probate Court on April 24, 2003.
On May 16, 2007, the Howards conveyed the property by general warranty deed to Lynda Newman and Oscar Newman, Lynda's husband who subsequently died. It is undisputed that, unbeknownst to the Newmans, the 2003 mortgage was not satisfied by the Howards before the conveyance and remains an encumbrance on the property.
Thereafter, the Newmans and the Howards were involved in litigation concerning numerous claims against one another, as well as others, involving deeds, financing agreements, mortgages, and contracts between the various parties concerning several pieces of real property, including the property at issue in this case. Before a final judgment was reached in that litigation, in December 2014 the parties dismissed the lawsuit and entered into a "settlement agreement and mutual release agreement" ("the agreement"). The agreement states, in pertinent part:
"8. In consideration of the dismissal of the lawsuit ... and other good and valuable consideration, receipt of which from [the Howards] is hereby acknowledged, [the Newmans], for themselves, their heirs, their legal representatives, successors, assigns, corporations, partnerships, joint ventures, related businesses, alter egos, employees, agents and attorneys, release and forever discharge [the Howards], their heirs, their legal representatives, successors, assigns, companies, corporations, partnerships, joint ventures, related businesses, alter egos, employees, agents, attorney and subsidiaries, from all claims, demands and causes of action that [the Newmans] may now have or that might subsequently accrue to [the Newmans] arising out of or connected with, directly or indirectly, the causes of action set forth or that could have been set forth in that certain lawsuit ... having case number CV-2011-900016.
9. Further [the Newmans], for themselves, their legal representatives, successors, assigns, corporation[s], partnerships, joint ventures, related businesses, alter egos, employees, agents and attorneys ... forever discharge[ ] [the Howards], their heirs, legal representatives, successors, assigns, companies, corporations, partnerships, joint ventures, related businesses, alter egos, employees, agents, attorneys and subsidiaries from all claims, demands, actions, and causes of action of any kind or nature at law or in equity which [the Newmans] may have against all or any of them from the beginning of time to the date of this agreement."[1]
Also in December 2014, shortly after Lynda signed the agreement, she attempted to sell the property at issue here. During the process of closing on the sale of the property, Lynda's attorney conducted a title search of the property and discovered that the property was encumbered by the 2003 mortgage. Lynda requested that the Howards satisfy the mortgage pursuant to the terms of the May 16, 2007, warranty deed. The Howards refused.
On May 8, 2015, Lynda sued the Howards, alleging breach of warranty of title. On June 10, 2015, Michael filed an answer; Michael did not raise any affirmative defenses. Rhonda never filed an answer.
*1149 On October 19, 2015, the Howards filed a motion for a summary judgment. The sole argument raised by the Howards was that Lynda had waived any claims she may have had against the Howards regarding the property by signing the agreement. On March 3, 2016, Lynda filed a response to the Howards' summary-judgment motion. Lynda argued, among other things, that "[r]elease is an affirmative defense ... that ... cannot be raised for the first time in a motion for [a] summary judgment."
Following a hearing, on November 28, 2016, the circuit court granted the Howards' summary-judgment motion on the sole basis that Lynda had released any claims she may have had against the Howards. Lynda appealed.
Standard of Review
Our standard of review of a summary judgment is well settled:
" 'The standard of review applicable to a summary judgment is the same as the standard for granting the motion....' McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992).
" 'A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present "substantial evidence" creating a genuine issue of material fact-"evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Ala. Code 1975, § 12-21-12 ; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).'
" Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala. 1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala. 2004)."
Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala. 2006).
Discussion
Lynda argues that the circuit court erred in entering a summary judgment for the Howards based on the defense of release when the Howards did not raise that defense until they filed their summary-judgment motion. The Howards offer no argument in rebuttal. The Howards' argument that Lynda is barred from enforcing the May 16, 2007, warranty deed based on Lynda's signing of the agreement is an affirmative defense. See Rule 8(c), Ala. R. Civ. P. The record indicates that Lynda timely objected to the Howards' raising this affirmative defense for the first time in their summary-judgment motion and that the Howards never filed an amended answer to include the affirmative defense before the circuit court entered the summary judgment in their favor.
We addressed a nearly identical factual scenario in Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala. 1984), a case Lynda cites in support of her argument before this Court. In Bechtel, we stated:
"[The defendant] correctly points out that it is within the court's discretion to *1150 allow the defendant to raise an affirmative defense after the initial answer to the complaint. In support of this proposition it quotes from Freeman v. Blue Mountain Industries, 395 So.2d 1049 (Ala. Civ. App. 1981) :
" 'Rule 15(a), [Ala. R. Civ. P.], expressly provides that amendments should be freely allowed when justice so requires. Stead v. Blue Cross-Blue Shield, 294 Ala. 3, 310 So.2d 469 (1975). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar the amendment. Bracy v. Sippial Electric Co., Inc., Ala. 379 So.2d 582 (1980).'
" 395 So.2d at 1050.
"The weakness in [the defendant's] argument is that both Freeman and Rule 15(a) pertain to the amendment of pleadings. If [the defendant] had attempted to amend its answer to raise the defense, the discretion of the trial court would have been invoked, and the burden would have been upon [the plaintiff] to show that such amendment would cause actual prejudice or undue delay. This court has recently allowed a defendant to amend his answer in order to raise an affirmative defense after the defendant had filed a motion for summary judgment based on the defense. Piersol v. ITT [Phillips] Drill Division, Inc., 445 So.2d 559 (Ala. 1984). However, Rule 8(c) [, Ala. R. Civ. P.,] requires that in pleading, a party 'shall set forth affirmatively' any matter constituting an affirmative defense. In Piersol, the defendant, after answering the complaint, filed a motion for summary judgment, alleging that he was entitled to such a judgment based on the applicable statute of limitations. Some four months later, but before the court had ruled on the motion, the defendant filed an amended answer in order to raise the defense of the statute of limitations.
"In the case before us, five weeks lapsed between the filing of the motion for summary judgment and the court's hearing on the motion. There is no indication that [the defendant] attempted to amend its answer during that time, or thereafter, although [the plaintiff] had filed a 'Motion to Strike Affirmative Defense' within one week after the summary judgment motion was filed.
"The language of Rule 8(c) is mandatory. This court has held:
" '[An affirmative defense] is required to be specially pleaded under Rule 8(c). See Nash v. Vann, 390 So.2d 301, 303 (Ala. Civ. App. 1980). Under the Federal Rules of Civil Procedure, after which our rules are modeled, the consequences of a party's failure to plead an affirmative defense have been explained as follows:
" ' "If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged, or unless an amendment to set forth the affirmative defense is properly made."
" '2A J. Moore, Federal Practice § 8.27[3] at 8-251 (2d Ed. 1948). See Funding Systems Leasing Corporation v. Pugh, 530 F.2d 91 (5th Cir. 1976).'
" Smith v. Combustion Resources Engineering, 431 So.2d 1249 (Ala. 1983). See, also, Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955 (Ala. 1983).
"It is clear that [the plaintiff] made timely objection to the reliance on the affirmative defense in the motion for *1151 summary judgment, and equally clear that an amendment to the pleading to set forth the defense was not made. For this reason, the court erred in granting the summary judgment based on the defense.
"... [W]e do not intend by our decision to intimate an opinion as to whether the trial judge should, in the exercise of his discretion, allow the defendant's pleading to be amended following remand."
451 So.2d at 795-96.
Based on the nearly identical facts in Bechtel , we come to the same result as did the Court in Bechtel. It is clear that Lynda timely objected to the Howards' reliance on the affirmative defense of settlement and release in their summary-judgment motion and equally clear that an amendment to specially plead that affirmative defense was not made by the Howards. The circuit court erred in granting the Howards' summary-judgment motion based on the unpleaded affirmative defense of release.
Conclusion
We reverse the summary judgment for the Howards and remand this cause. As in Bechtel, 451 So.2d at 796, we do not express an opinion as to whether the circuit court, in exercising its discretion, should allow the Howards to file an amended answer on remand.
REVERSED AND REMANDED.
Stuart, C.J., and Shaw, Wise, and Sellers, JJ., concur.

Oscar died during the course of the previous litigation. Accordingly, Lynda signed the agreement in her individual capacity and in her capacity as personal representative of Oscar's estate.