ROBERTSON, Judge.
This is a workmen’s compensation case.
The employee, Franklin Blankenship, sustained an on-the-job injury, and said injury was to a part of his body which was previously injured while Blankenship was working for a prior employer. Blankenship alleged that said injury resulted in permanent disability.
Pursuant to § 25-5-57(a)(4)f., Code 1975: “Second Permanent Injury Resulting in Permanent Total Disability Where First Injury Not in Same Employment. — If an employee receives a permanent injury as specified in this section after having sustained another permanent injury other than in the same employment, and if the combined effect of the previous and subsequent injury results in permanent total disability, compensation shall be payable for permanent total disability. Compensation for such permanent total disability shall be paid by the employer to the extent that such employer would have to pay compensation for the degree of injury that would have resulted from the accident if the earlier disability or injury had not existed, and the remainder of the amount of such compensation after the completion of such payments by the employer shall be paid by the director of industrial relations as trustee from any amounts from time to time standing to his account as such trustee in the second injury trust fund; provided that in order to qualify for benefits from the second injury trust fund, the employer must have had prior knowledge of the previous injury of the employee, and such previous injury must have been of a disabling nature which adversely affected the employability of the employee.” (Emphasis added.)
The above quoted section essentially provides what the liability of the Second Injury Trust Fund is to employees injured on two separate jobs, at two different times, who, as a result of said injuries, are totally and permanently disabled.
Section 25-5-74, Code 1975, then sets out the procedure for determining liability and contesting liability:
“Every employer making a report of an accident in which there is prima facie evidence of a liability against the second injury trust fund shall so state in said report, and, upon a settlement between the employer and the employee, the director shall be deemed to have admitted liability against said trust fund, unless within 60 calendar days after receipt by the department of industrial relations a copy of the settlement between the employer and employee, the director shall notify the employer and employee by registered or certified mail sent to their respective last known addresses that, as said trustee, he does not consider the fund liable for any one or more second injury trust fund payments. Either the employer or the employee within 30 days after the date of mailing of such notice by the director may appeal to the circuit court of the county of residence of the employee, and said appeal shall be tried by the judge of said court without the intervention of a jury upon issues to be made up by a complaint of the employer or employee, and an answer by the director. Such appeals shall be entitled to the same pri *517 ority on the docket as other workmen’s compensation cases. Appeals from the circuit court may be taken as in other appeals, but shall be filed within 30 days after the final ruling of the circuit court.” (Emphasis added.)
The record indicates the following facts. The Department of Industrial Relations (Department) was notified by letter of a work-related injury to Mr. Blankenship. The letter advised that the accident and injury constituted circumstances which would impose liability on the Second Injury Trust Fund.
On April 4, 1989, a trial was had ore tenus, and the court found Blankenship to be permanently and totally disabled as a result of two separate on-the-job accidents with two separate employers.
The court then found it was “in the best interests of the plaintiff to accept the sums agreed upon [by the parties],” and, further, “that said agreement was substantially in compliance with the Worker’s Compensation Act of the State of Alabama_” (Emphasis added.) Next, the court determined the amount of money owed by employer to Blankenship and further determined the liability of the Second Injury Trust Fund.
The Department then received a copy of the court’s order on April 26, 1989. Following its receipt of said order, the Department filed an Alabama Rules of Civil Procedure, Rule 60(b), motion, in which the Department asserted that the court’s order was void, that the court lacked jurisdiction over the Second Injury Trust Fund, and that the Department had not even made a determination of the Second Injury Trust Fund’s liability in the case.
However, the specific language of the statute provides:
“[T]he director shall be deemed to have admitted liability against said trust fund, unless within 60 calendar days after receipt by the department of industrial relations of a copy of the settlement between the employer and employee, the director shall notify the employer and employee by registered or certified mail sent to their respective last known addresses that, as said trustee, he does not consider the fund liable for any one or more second injury trust fund payments.”
It is uncontested that the Department did not deny liability in the manner required by the statute. “[WJorkmen’s compensation statutes create rights, remedies, and procedures all their own.” Freeman v. Blue Mountain Industries, 395 So.2d 1049 (Ala.Civ.App.1981). Here, the Department failed to contest its liability in accordance with the procedure provided by the statute. Consequently, it “shall be deemed to have admitted liability.” § 25-5-74.
The trial court’s judgment is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J„ concur.