RUSSELL, Judge.
This is a workmen’s compensation case.
The employee, James Willard Turner, was awarded compensation for a second injury, and liability was assessed against the Second Injury Trust Fund (Fund). The Department of Industrial Relations (Department) appeals. We affirm.
The dispositive issue is whether the Department complied with the sixty-day time limit for denial of liability of the Fund as mandated by § 25-5-74, Ala.Code 1975 (1986 Repl.Vol.).
At the outset we note that cases involving workmen’s compensation are governed by §§ 25-5-1 through -231, Ala.Code 1975 (1986 Repl.Vol.), and that, regarding the Fund, we are concerned in particular with § 25-5-74. That section provides for the determination of, and contest to, liability of the Fund. It states:
“Every employer making a report of an accident in which there is prima facie evidence of a liability against the second injury trust fund shall so state in said report, and, upon a settlement between the employer and the employee, the director shall be deemed to have admitted liability against said trust fund, unless within 60 calendar days after receipt by the department of industrial relations of a copy of the settlement between the employer and employee, the director shall notify the employer and employee by registered or certified mail sent to their respective last known addresses that, as said trustee, he does not consider the fund liable for any one or more second injury trust fund payments.”
(Emphasis supplied.)
The pertinent facts in the instant case are that on November 4, 1988, an order was entered in Turner v. Sellers, Inc. (CV-87-021) in the Circuit Court of Clay County (the first case), effecting a settlement between the employee and the employer. The trial court’s order was sufficient at that juncture, but the trial court erred when it went further to assess liability against the Fund when neither the Fund nor the Department had notice of the settlement. In other words, the trial court’s assessment of liability preempted the right of the Department to deny the Fund’s liability as contemplated by § 25-5-74. A copy of the order was subsequently sent to the Department by the employee’s attorney on November 28, 1988.
On December 9, 1988, the Department filed a motion in the circuit court to alter, amend, or vacate its judgment on the grounds that the circuit court had no jurisdiction to determine the liability of the Fund due to the fact that neither the Fund nor the Department was a party to the action. This motion, however, merely challenged the trial court’s jurisdiction. It did not effect a suspension of the sixty-day time limit within which the Department was obligated to deny liability of the Fund.
On February 2, 1989, the circuit court denied the Department’s motion because it was not timely filed. For the point of clarification, we note that, as a challenge to *819 the trial court’s jurisdiction, this motion was timely filed and that the trial court erred in denying it on that basis.
It is undisputed that, upon receipt by the Department of the notice of the settlement between the employee and the employer, it made no denial of liability to either the employee or the employer as mandated by § 25-5-74 until March 29, 1990. Turner subsequently appealed that denial to the circuit court (the second case).
The court in that action held that the holding in the first case was “tantamount to a settlement under § 25-5-74,” that the sixty-day period set out in § 25-5-74 began with the date of the employee’s letter to the Fund (November 28, 1988), that the record was devoid of any compliance with § 25-5-74, and that March 5, 1989, was the last date by which the director, as trustee of the Fund, could effectively notify both the employee and the employer that he was denying liability. Thereafter, the court issued an order which, in effect, affirmed the order in the first case.
As regards the circuit court’s determination that the “director” failed to deny liability within the sixty-day time limit provided in § 25-5-74, we agree. While we recognize that the court’s order in the first case exceeded its authority in attempting to determine the liability of the Fund by expressly finding it liable, it nevertheless effected a settlement between the employer and the employee which, upon notice to the Department, obligated it to deny the Fund’s liability or otherwise accept the consequences.
Here, because the Department failed to deny its liability in accordance with the mandate of § 25-5-74, “it shall be deemed to have admitted liability.” Allen v. Blankenship, 562 So.2d 515 (Ala.Civ.App.1990). Consequently, the decision of the circuit court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J„ concur.